JAMES DAY, AS GUARDIAN OF INEZ CASE, RESPONDENT, *v.* EMMA CASE, APPELLANT.

*Construction of a clause in a certificate issued by an insurance association, designating the person to receive the amount to be paid thereunder.*

On July 5, 1870, the Locomotive Engineers' Mutual Life Insurance Association issued to H. M. Case a certificate of membership and policy of life insurance, at the foot of which, underneath the signatures, appeared the following: " All payments or benefits that may accrue or become due to the heirs of the person insured, by virtue of this policy, will be payable to Mrs H. M. Case or lawful heirs "

At the time the certificate was issued to Case he had a wife living by the name of Amelia M. Case, and a daughter by the name of Inez H. Case. The wife, Amelia M. died September 12, 1878; and subsequently, and on February 3, 1882, the insured married Emma Case, the present defendant; and subsequently, and on May 29, 1885, he died leaving Emma, his widow, him surviving, and Inez H.. his only child and heir-at law Subsequent to his death the association paid into court the sum of $2,922.55, as the amount of benefit due under the certificate.

*Held,* that Amelia M Case was the person intended by the designation Mrs. H. M. Case, upon the certificate.

That upon her death the designation lapsed as to her, and that the lawful heir of Case, his daughter Inez, became the person designated as the beneficiary.

That as there had been no subsequent designation of any other person the daughter was entitled to receive the money.

APPEAL from a final judgment entered in Monroe county upon an order sustaining a demurrer interposed to the defendant's answer.

*J. W. Stebbens,* for the appellant.

*W. A. Sutherland,* for the respondent.

HAIGHT, J.

On the 5th day of July, 1870, the Locomotive Engineer Mutual Life Insurance Association issued to H. M. Case a certificate of membership and policy of life insurance ; at the foot thereof and underneath the signature appears the following : " All payments or benefits that may accrue or become due to the heirs of the person insured by virtue of this policy will be payable to Mrs. H. M. Case, or lawful heirs." At the time this certificate was issued to Case he had a wife living by the name of Amelia M. Case and a daughter

by the name of Inez H. Case.  His wife, Amelia M, died September 12, 1878, and subsequently, and on the 3d day of February, 1882, he again married Emma Case, the present defendant, and subsequently, and on May 29, 1885, he died, leaving Emma his widow, him surviving, and Inez H. his only child and heir-at-law. Subsequent to his death the association paid into court the sum of $2,922.55 as the amount of benefits due under the certificate.

The question presented is whether the plaintiff or the defendant is entitled to the money so paid into court.  There was no new designation of a beneficiary after the certificate was issued or after the death of his first wife.  That which we have quoted at the foot of the certificate was the designation made at that time.  It was "Mrs. H. M. Case, or lawful heirs," meaning Mrs. H. M. Case, or in case she was unable to take by reason of death or other disability, his lawful heirs should become the beneficiary.  It is now contended that Mrs H. M. Case was the name of the defendant, his widow, and that, consequently, she is the beneficiary named in the certificate.  That was not, however, her name at the time the certificate was issued.  The only Mrs. H. M. Case at that time was Amelia M. Case, and she must have been the person meant by Mr. Case in making the designation and the person named in the certificate.  We cannot assume that he then contemplated the death of his wife and his subsequent marriage to the defendant in this action.  If Amelia M. Case was the person intended by the designation upon the certificate, then, on her death, the designation lapsed as to her, and his lawful heir, which was Inez H. Case, became the person designated as the beneficiary, and, inasmuch as there has been no subsequent designation of any other person, it follows that she is entitled to the money.  It is urged that because the words " Mrs. H. M. Case" were used, that it was intended that the certificate should mean one person at one time and another at another time; that it meant Amelia M. at the time it was issued, but that it meant the defendant at the time of his death.  Such, however, does not appear to us to have been the meaning of the instrument.

The judgment should be affirmed, without costs.

BRADLEY and LEWIS, JJ., concurred.

Judgment affirmed, without costs.