## WILL OF KENDRICK.

*December 6, 1932—January 10, 1933.*

*Platt Whitman* of Dodgeville, for the appellant.

*James E. O'Neill* of Dodgeville, for the respondents Kendrick.

OWEN, J. The county judge took the view that the will disclosed a lack of affection on the part of the wife for her husband; that at the time of the making of the will her estate consisted of $23,000, the bulk of which was personal property, and that she gave him only one-fourth of the estate; that the testatrix gave no thought to the question of her real estate being charged with the payment of the legacy, and that, therefore, she could have had no intent to charge the real estate with its payment. It is true, as the county court held, that the intention of the testatrix must control, and that in order to ascertain that intention the will must be construed in the light of the subject matter and the circum-

stances surrounding the testatrix at the time of the execution of the will. *Will of Ohse,* 137 Wis. 474, 119 N. W. 93; *Will of Hamburger,* 185 Wis. 270, 201 N. W. 267.

As stated, the trial court attached some importance to the fact that the testatrix did not refer to the appellant in her will as her beloved husband. Many lawyers, and the will in this case was quite evidently drafted by a lawyer, have abandoned the phraseology to be found in older wills. The fact that she left her husband one-fourth of the estate, all of which came from her own family, and the further circumstance that she shortly expected to become the mother of a child, and, no doubt, expected to have other children, seem to us to indicate that she was prompted by her affection to provide for him. We find no evidence of a lack of affection which would support a conclusion that she grudgingly gave a part of the estate to her husband. It is barely possible that the judgment of the county court was influenced by the situation of the minor children, and it felt that had the testatrix made her will immediately preceding her death, different provisions might have been made. However, it is not the intent that might have been formed long subsequent to the making of a will that controls the language of a will.

This case is ruled by *Egan v. Sells,* 203 Wis. 119, 233 N. W. 569. The conclusion that the testator in that case intended to charge payment of the legacy on his real property was no more irresistible in that case than it is in the case at bar. It was there stated that when a testator mingles real and personal property in the residuary clause of his will, it discloses an intent on the part of the testator that the residue of the estate should be that which is left after specific bequests and legacies are paid, whether paid from real or personal property.

The testatrix in this case had it within her power, after her circumstances were altered, to revoke her will and exe-

cute a new one. The mere fact that it may be supposed that, had she done so, the will would have been different, does not affect the interpretation of her will as of the date when it was made. She failed to exercise the power of control which she had over the estate. Under such circumstances it must be presumed that she intended to leave her will as she had written it.

*By the Court.*—Order appealed from is reversed, and cause remanded with directions to the county court to enter an order construing the will as indicated in the opinion.