ESTATE OF KAMBA: FORSTER and another, Appellants, vs. ESTATE OF KAMBA, Respondent.

*November 7, 1938—February 7, 1939.*

The cause was submitted for the appellants on the brief of *Bradford, Bradford & Derber* of Appleton, and for the respondent on that of *Krugmeier & Witmer* of Appleton.

The following opinion was filed December 6, 1938:

FOWLER, J.  Eleanor Kamba Forster and Viola Kamba Francek, beneficiaries named in the sixth and seventh paragraphs of the will of their father, James F. Kamba, after the admission of the will to probate, petitioned the county court for construction of those paragraphs.  The testator besides making other bequests to his wife made her residuary legatee.  The two paragraphs involved read as follows:

"Sixth: I give and bequeath to my daughter, Eleanor Kamba, as her share of my estate, the proceeds of the five thousand dollars ($5,000) insurance policy in which she is named beneficiary and ten per cent (10%) of the common stock of the Appleton Engraving Company held by me, the earning and dividends of which shall be used by my wife, Nila Kamba, for the upkeep of the home until my said daughter, Eleanor, shall leave home.

"Seventh: I give and bequeath to my daughter, Viola Kamba, as her share of my estate, the proceeds of the five thousand dollars ($5,000) insurance policy wherein she is named as beneficiary and ten per cent (10%) of the common stock of the Appleton Engraving Company held by me, the earnings and dividends of which shall be used by my wife, Nila Kamba, for the upkeep of the home until my said daughter, Viola, shall leave home."

The insurance policies named in the two paragraphs were both in force at the testator's death. The will misnamed the beneficiaries under the policies involved in each of the paragraphs. It named Eleanor as the beneficiary in one and Viola as the beneficiary in the other. In fact each policy named as beneficiaries Eleanor and Viola. But as the amount of the policies was the same the bequests to the two daughters were equal and precisely the same as if the beneficiaries had been correctly designated in the will. While the language of the paragraphs is plain enough, occasion for its construction arises from facts that occurred subsequent to the execution of the will. The widow's right to income from property bequeathed drops out because both daughters had "left home" prior to the testator's death. Nothing occurred to affect the rights of the daughters to the stock bequeathed by the paragraphs. We are only concerned with rights to the proceeds of the policies.

After making his will the testator desired to have the proceeds of the two policies paid to his daughters in monthly instalments of $75 each instead of a lump sum. He desired the insurance company to act as trustee to hold the proceeds and so apply them. The insurance company pursuant to its custom would act as trustee only if the policies were made payable to the testator's "executors, administrators or assigns" instead of the beneficiaries named therein. To procure the change in mode of payment to his daughters, the testator changed the policies to make the policies so payable, and entered into trust agreements with the insurance company making it trustee to hold and disburse the proceeds of the policies in monthly payments. One of the agreements was attached to one of the policies and the other to the other. The agreements were identical, except as to the number of the policies, each agreement being attached to the policy numbered according to the number designated in the agreement.

One of the provisions of the trust agreements was that if the testator changed the beneficiary in either policy both trusts should be void. After the trust agreements were executed a son was born to the testator. Thereafter the testator changed the beneficiary in one of the policies, designated No. 8,979,228, as follows: To this son 6/10ths, to a stepson 3/10ths, and to another son 1/10th. This under the provision above referred to voided both trust agreements.

Upon the death of the testator both policies were paid to the widow, one to her as guardian of the sons and stepson above referred to, who are minors, and the other payable to her as executrix to be distributed according to the will. There is no controversy as to the fund paid to the guardian. The fund paid to the executrix is claimed by the widow as residuary legatee and by the daughters under paragraphs sixth and seventh of the will. The court as above indicated held that on distribution of the estate the money should be paid to the widow, on the ground that the "action of the deceased in changing the beneficiary of one of these policies so that the other, under the terms thereof, become payable to the estate, effected a revocation of these paragraphs [sixth and seventh] of the will relating to these policies of insurance and that deceased did not intend that the former beneficiaries [the daughters] would be entitled to payment of any part of the proceeds of the policy paid into the estate."

With this determination of the court we cannot agree. It is our opinion that in view of the undoubted and manifest purpose of the testator in changing the named beneficiaries in the policies from "Eleanor Kamba and Viola Kamba" to "executors, administrators or assigns" merely to make provision so that the proceeds of the policies would be payable in monthly instalments instead of in a lump sum, the change of the payee evidenced no intent to deprive the daughters of the avails of the policies, but on the contrary evidenced an intent that they should receive those avails. That this was

the testator's intent at the time the changes of payees were made is too plain to permit of reasonable controversy. Subsequently the birth of the son moved the testator to make one of the policies payable for most part to this infant son and the rest to another infant son of his by a former wife and an infant son of his wife by a former husband, but this evidences no intent to make any change in the beneficiaries of the other policy or the ultimate disposition of its proceeds. He made no provision for any other disposition, and the court can make none for him. That policy, No. 9,356,954, was left by him just as it was. The voiding of the trust by change of beneficiaries in the other policy only voided the provision of the trust for payment in monthly instalments, and left undisturbed the provision in the will for payment of it in lump to the daughters. The right to dispose of the proceeds of an insurance contract by will is recognized by the decisions of this court when the insured has paid the premiums and kept control of the contract. *Armstrong v. Blanchard,* 150 Wis. 31, 37, 136 N. W. 145; *Faubel v. Eckhart,* 151 Wis. 155, 159, 138 N. W. 615; *Boehmer v. Kalk,* 155 Wis. 156, 158, 144 N. W. 182; *Rawson v. Milwaukee Mut. Life Ins. Co.* 115 Wis. 641, 645, 92 N. W. 378; *Foster v. Gile,* 50 Wis. 603, 7 N. W. 555, 8 N. W. 217; *Kerman v. Howard,* 23 Wis. 108. The testator having made such disposition, distribution must be made accordingly.

Respondent contends that because *Will of Battis,* 143 Wis. 234, 235, 126 N. W. 9, holds that wills may by change of circumstances be revoked by implication, the paragraphs of the instant will involved should be held to be so revoked. More to the point is the ruling in *Will of Kendrick,* 210 Wis. 218, 221, 246 N. W. 306, wherein it is said:

"The testatrix in this case had it within her power, after her circumstances were altered, to revoke her will and execute a new one. The mere fact that it may be supposed that, had she done so, the will would have been different, does not affect the interpretation of her will as of the date

when it was made. She failed to exercise the power of control which she had over the estate. Under such circumstances it must be presumed that she intended to leave her will as she had written it."

The change of circumstances involved in the *Battis Case, supra,* was far different and of an entirely different nature from those here involved, and the testator here made express provision, by change of beneficiary in one of the policies, because of that change. The change in circumstances involved in the *Battis Case* was the granting of a judgment of divorce to a wife and a final division of property after the making of a will by the husband bequeathing $10,000 to her, designating her as "my wife Frances May Battis" and bequeathing and devising the remainder of his estate to his brother. It does not follow from the ruling in the *Battis Case* that the paragraph of the instant will involving the insurance policy payable to the estate was revoked. We infer instead, following the reasoning of the *Kendrick Case, supra,* that had the testator intended revocation of that paragraph he would have expressly manifested that intent by changing either the policy or the will.

It is argued also that the legacy to the daughters was adempted, but the argument is not persuasive. The legacy was specific. Ademption of a specific legacy "is effected by the extinction of the thing or fund, as it is generally stated, without regard to the testator's intention." 1 Bouv. Law Dict., Rawle's Third Revision, p. 134. The "thing" here bequeathed was "the proceeds" of a $5,000 life insurance policy. The fund constituting those proceeds is still in existence.

*By the Court.*—The judgment of the county court is reversed, and the record remanded with directions to enter judgment in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on February 7, 1939.