## SIMPSON v. CLAYTON et al.
### No. 10773.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 27, 1940.

Rehearing Denied Jan. 15, 1941.

M. C. Chiles and Atlas Jones, both of Uvalde, for plaintiff in error.

Ditzler H. Jones, of Uvalde, and George C. Herman, of Crystal City, for defendants in error.

MURRAY, Justice.

This is an interpleader suit instituted by Kansas City Life Insurance Company to determine the ownership of the proceeds of a $1,000 life insurance policy issued by this company on the life of Gordon D. Simpson. The policy was taken out by Gordon D. Simpson on his own life and was issued March 3, 1930. Gordon D. Simpson died January 10, 1939.

Mayme W. Simpson, former wife of Gordon D. Simpson (the named beneficiary in the policy), and Evelyn Clayton, executrix of the will of Gordon D. Simpson and guardian of the estate of Bettie Joyce Simpson, were made defendants and each filed answers claiming the proceeds of said insurance policy.

Gordon D. Simpson and Mayme W. Simpson were married during the year 1929. On October 7, 1938, Gordon D. Simpson was granted a divorce. Mayme W. Simpson was granted care, custody and control of their five year old daughter, Bettie Joyce Simpson. Gordon D. Simpson was required by the terms of the divorce decree to pay to Mayme W. Simpson the sum of $10 per month for support of the daughter until she reached the age of sixteen years.

The policy of insurance involved herein was issued on the life of Gordon W. Simpson in 1930. Mayme W. Simpson was named as the beneficiary and all premiums had been paid out of community funds. Gordon D. Simpson, when he took out the policy, did not reserve the right to change the beneficiary and Mayme W. Simpson never gave her consent to a change of beneficiary. Gordon D. Simpson died in Kerr County, Texas, on January 10, 1939, at which date the insurance policy was in force and effect.

The trial was before the court without the intervention of a jury and resulted in judgment awarding to Mayme W. Simpson the sum of $59.87, as being one-half of the cash surrender value of the policy at the date of the divorce. The remainder of the proceeds of the policy was

awarded to Evelyn Clayton, as independent executrix of the estate of Gordon D. Simpson, deceased, after deducting attorney's fees and court costs. From which judgment Mayme W. Simpson has prosecuted this appeal.

Recovery was denied Mayme W. Simpson as the beneficiary named in the policy because, as found by the court, she had ceased to have an insurable interest in the life of the insured after their divorce on October 7, 1938.

We are of the opinion that Mayme W. Simpson did have an insurable interest in the life of Gordon D. Simpson after they were divorced, on October 7, 1938. An insurable interest is defined in 24 Tex.Jur. p. 767, § 70, as follows: "In the case of life insurance, an insurable interest· exists only if there be a reasonable ground, founded upon the relations of the parties, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of the assured."

Certainly Mayme W. Simpson had reasonable grounds to expect some benefit or advantage from the continuance of the life of Gordon D. Simpson in that they were jointly and severally charged with the duty of supporting their daughter, Bettie Joyce Simpson. The divorce decree provided that Gordon D. Simpson should pay to Mayme W. Simpson the sum of $10 per month for the support of their daughter. To this extent Mayme W. Simpson was relieved of this direct obligation. The judgment required this sum, of $10 per month, to be paid until Bettie Joyce reached the age of sixteen years. She was six years of age at the time of the trial of this cause; therefore, these payments would have amounted to about $1,200 before Bettie Joyce became sixteen years of age. The court would have had the power, upon a further hearing, to have increased these monthly payments and required that they be made uhtil the child became twenty-one years of age.

It so happens in this case that Gordon D. Simpson had executed a will naming his daughter as his sole heir, thereby so arranging his affairs that his daughter will receive the benefit of the proceeds of this policy, even though it is paid to his estate. However, in passing upon whether or not Mayme W. Simpson had an insurable interest in the life of her former husband, we cannot consider the fact that Bettie Joyce was made the sole heir of her father. The rights of Mayme W. Simpson would be the same regardless of whom Gordon D. Simpson might have named in his will as his heir.

There seems to be no authorities in this State deciding the question herein involved. Apparently it presents a question of first impression in this State. We are unwilling to hold that the ex-wife and mother of a man's children has no interest in the continuation of his life when under the law he is charged with the duty of supporting such child or children even though the care, custody and control may have been awarded to the wife. 31 Tex.Jur. p. 1302, § 28.

The judgment of the trial court will be reversed and judgment here rendered allowing the attorneys for the insurance company the sum of $100 for their services, providing that 'the costs of this Court and the court below, as well as said attorneys' fees, be paid out of the proceeds of the insurance policy, and the remainder thereof be paid to Mayme W. Simpson.