**TIPS v. SECURITY LIFE & ACCIDENT CO. et al.**

**No. 11514.**

Court of Civil Appeals of Texas.
San Antonio.

May 16, 1945.

Rehearing Denied June 6, 1945.

S. D. Hopkins, of San Antonio, for appellant.

Brewer, Matthews, Nowlin & Macfarlane, of San Antonio, for appellees.

NORVELL, Justice.

This is an interpleader suit. The Security Life and Accident Company tendered into court the sum of $1,799.75, the amount due upon an insurance policy covering the life of Frederick Julius Tips, deceased. Those impleaded as defendants were Margaret Chambers Tips, the divorced wife of decedent, Emilie I. Tips, mother of decedent, and Will Chambers Tips, administrator of the estate of decedent.

After trial before the court without a jury, judgment was rendered for Margaret Chambers Tips. Findings of fact and conclusions of law were filed. Mrs. Emilie I. Tips brings the case here.

There are but two questions involved: First, Did Frederick Julius Tips make an effective change of beneficiary under the terms of the policy involved? Second, Did Margaret Chambers Tips have an insurable interest in her former husband's life at the time of his death?

▮ The first question must be answered in the negative. The named beneficiary in the policy was Margaret Chambers Tips, who was married to Frederick Julius Tips in 1916. They were divorced in July, 1940. Some months prior to this divorce, Frederick Julius Tips filled out a form, addressed to the insurance company, purporting to designate his mother, Emilie I. Tips as beneficiary of the policy in lieu of his wife, Margaret Chambers Tips. This instrument was never mailed to the company by Frederick Julius Tips and its existence was unknown to the company until after the death of Tips. The policy provided that a change of beneficiary should not be effective until a notice in writing had been received and approved by the company. It can not be said that the deceased did all he could reasonably have done to perfect a change of beneficiary during his lifetime. His failure to deliver the notification of change of beneficiary to the insurance com-

pany is fatal to appellant's contentions upon this phase of the case. Adams v. Adams, Tex.Civ.App., 78 S.W.2d 664; Kelley v. McDonald, Tex.Civ.App., 83 S.W.2d 414.

We are also of the opinion that Margaret Chambers Tips had an insurable interest in the life of Frederick Julius Tips at the time of his death in 1944. The evidence discloses that three children were born to the marriage of Margaret Chambers Tips and Frederick Julius Tips. The father was under a continuing moral and legal duty to support these children, although their custody was awarded to the mother by the divorce decree. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564. Two of the children were minors at the time of their father's death. On this point the case is ruled by Simpson v. Clayton, Tex.Civ.App., 146 S.W.2d 504.

The judgment of the trial court is affirmed.