SCHWANTES (MARION), Appellant, vs. ELECTRICAL WORKERS' BENEFIT ASSOCIATION, Defendant: SCHWANTES (CLARA), Interpleaded Defendant and Respondent.

*September 13—October 16, 1945.*

For the appellant there was a brief by *Rubin, Zabel & Ruppa,* attorneys, and *William B. Rubin* of counsel, all of Milwaukee, and oral argument by *William B. Rubin.*

*William E. Vojack,* attorney, and *Alfred R. Gandrey* of counsel, both of Milwaukee, for the respondent.

FOWLER, J. The action was brought by the plaintiff, the widow of George Schwantes, on a beneficiary certificate issued by the defendant Benefit Association promising to pay $1,000 to "Mrs. George Schwantes" at the death of George. The defendant association interpleaded Clara Schwantes who was the wife of George when the certificate was issued, and two adult children born to George and Clara. Clara procured a divorce from George from the bonds of matrimony and George was adjudged to pay alimony to Clara at stated periods which he paid during his life. After the divorce was granted George married the plaintiff Marion, and she was his lawful wife at his death. Marion claims right to recover the $1,000 as "Mrs. George Schwantes." The defendant alleged that Clara and Marion both claimed the fund and paid the $1,000 into court for allotment to whichever the court should determine entitled to it. Clara by cross complaint claimed that she was the Mrs. George Schwantes so entitled. From a judgment in favor of Clara, Marion appeals.

The by-laws of the association provided that a member might designate as his beneficiary his wife or certain persons related to him in designated ways, his estate, "charitable, benevolent, educational, or eleemosynary institution" or "per-

sons dependent upon" him. They' also provided that the member might change his beneficiary, and George made no change, either by direction to the association or by will.

At the time of the issuance of the certificate up to the time of the granting of the divorce the Journal, published by the association, which was sent to all members, was sent to the certain address where George and Clara resided. After the granting of the divorce and up to the removal of Clara elsewhere, the Journal continued to be sent to the former address of both George and Clara, and upon Clara's removal George caused his copy of the Journal to be sent to him at her new address, and it was thereafter up to the time of George's death addressed and mailed to him at that address.

We consider that under the facts stated the trial judge was correct in adjudging the money to Clara Schwantes. She was the identical person to whom George intended the money to be paid when the certificate was issued. She remained the person to whom the money should be paid unless he changed his mind and made other disposition of it. He made no other disposition and there is no evidence that he changed his mind. While at his death she was not qualified to receive the money as his wife, she was then qualified to receive it as his dependent, and that qualification made her the recipient. It seems plain that George did not intend the certificate should be paid to Marion Schwantes, else he would have changed the certificate to designate her as beneficiary or directed by will that it be paid to her. That he did not do either indicates that he intended Clara to remain the beneficiary. *Will of Kendrick,* 210 Wis. 218, 221, 246 N. W. 306; *Estate of Kamba,* 230 Wis. 246, 250, 282 N. W. 570.

While no case is cited or found exactly like the instant case in all its facts there are several like it in the controlling fact. *Rose v. Brotherhood of Locomotive F. & E.* 80 Colo. 344, 251 Pac. 537, 52 A. L. R. 381, is identical with the single ex-

ception that the beneficiary was named as "Mamie Rose, wife" instead of "Mrs. J. C. Rose." The most controlling fact in both cases is that a dependent might be a beneficiary and the wife existing at the time of issuance of the certificate was qualified as beneficiary because although she was not a "wife" at the time of the death of the insured she was a "dependent" by reason of the alimony award in the divorce judgment.

Respondent also relies on *Federal Ins. Co. v. Tietsort* (7th Cir.), 131 Fed. (2d) 448, which was identical with the instant case in the controlling facts, except that the element of dependency and award of alimony is absent. Carroll S. De-Jong was the insured and the beneficiary was designated as "Mrs. C. S. DeJong." The person who was "Mrs. C. S. De-Jong" at the time of the issuance of the policy, and who was subsequently divorced and took the name of Tietsort, was awarded the amount due on the policy as against the wife by a subsequent marriage. This case, the defendant wherein was an old-line insurance company, seems inapplicable to cases in which the insurer is a benefit association that specifies in its articles of organization that its purpose is to provide for dependents of members. *Huff v. Norfolk & Western Ry. Co.* 104 W. Va. 464, 140 S. E. 335, 59 A. L. R. 167. But the instant case is distinguishable from it in that the divorce judgment made the first wife a dependent of the insured. As to the fact of dependency in a note in 52 A. L. R. 447, it is stated:

"In the absence of any change of beneficiary, divorced wife designated as beneficiary in a certificate in fraternal benefit society, taken out prior to divorce, is entitled to the proceeds of certificate, where, after the divorce and until the time of member's death, she remains 'dependent' upon him within the meaning of statute and by-law (or either, where other does not exclude dependents) permitting the payment of death benefits to persons dependent upon the member at the time of his death."

Cases in support of this rule are there cited. The text of 45 C. J., Mutual Benefit Insurance, p. 184, is to the same effect and cites the same cases in support.

Counsel for appellant cites several Wisconsin cases as supporting his contention. Each of them is barren of the fact of dependency here stated as controlling and we see no need to discuss them.

*By the Court.*—The judgment of the circuit court is affirmed.