## RIO GRANDE NAT. LIFE INS. CO. v. TICHENOR et al.

No. 2304.

District Court, N. D. Texas, Dallas Division.

Feb. 6, 1947.

W. M. Bates, of Dallas, Tex., for plaintiff.

E. D. Hurt and Esir Tobolowsky, both of Dallas, Tex., for Mary Jo Tichenor.

Jim C. Cole and Roy E. Danuser, both of Malvern, Ark., for Lacy L. Tichenor et ux.

ATWELL, District Judge.

$2,000.00 were deposited with the clerk, by the plaintiff, as the interpleading fund arising out of an insurance policy issued in December, 1942 to Mary Jo Tichenor's husband, payable to her. On May 28th, 1946, they were divorced. In July, 1946, the husband was drowned.

At the time of the divorce, and at the time of the insured's death, the defendant, Mary Jo Tichenor, was with child. This child was born on October 14th, 1946.

Lacy L. Tichenor and wife, are the prime movers in the administration proceedings which are being had in Arkansas upon the will of the deceased, for the benefit of the child.

■■ Under the public policy of Texas, such public policy having been declared by the courts, and not by the legislature, one not having an insurable interest may not receive the benefits arising from a policy upon the life of another person. "Insurable interest" is diagrammed in the Texas decisions so as to limit such interest to kinsmen of the insured. See a discussion of some cases that this declaration has apparently determined, in Provocative Decisions by Atwell, page 34.

The question here is somewhat simplified by the manifest fact that the child was living at the time of the insured's death, though not actually born.

The divorce judgment which preceded such birth contained no reference to the condition of the wife, yet, it seems to me that the obligation of the father and the mother to support the child and otherwise look after its welfare, existed and would be enforced by the divorcing court, as well as by such other juvenile proceedings as are justified under the state statutes.

■ The insurance policy was issued in Texas, and these proceedings are had in a forum of that state. The rule in Texas seems to be announced in Simpson v. Clayton, Tex.Civ.App., 146 S.W.2d 504, and followed in Tips v. Security Life & Accident Co., Tex.Civ.App., 188 S.W.2d 219, that an insured's ex-wife who was given custody of a minor in a divorce decree, and

required to pay for the daughter's support, has an insurable interest in the life of the insured after divorce. Such insurable interest exists only if there be a reasonable ground, founded upon the relations of the parties, either pecuniary, or, of blood, or, affinity, to expect some benefit or advantage from the continuance of the life of the insured, was declared in the first of those cases.

In the case at bar there was no judgment recognition of the coming baby. The recognition by the grandparents in the state proceeding on the will, would be a begging of the question, if cited as a reason for rendering judgment for the divorced wife. The foundation appears surer if ingrained with the continuing obligation of the father to support his child which was living, though unborn, at the time of the divorce and at the time of his subsequent death, which too, was prior to the birth of the child.

Judgment must go accordingly for Mary Jo Tichenor because of such insurable interest.