Mrs. Joe SIMMONS, Jr., Appellant,

v.

Mrs. Virginia SIMMONS, Appellee.

No. 15564.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 19, 1954.

Jackson C. Burroughs, Dallas, for appellant.

Johannes & Kelsoe and Jack Johannes, Dallas, for appellee.

BOYD, Justice.

Appellant Mrs. Joe Simmons, Jr., brought this suit against Great-West Life Assurance Company and appellee Mrs. Virginia Simmons, for recovery of the benefits of a certificate issued under a master policy to the American Dental Association upon the life of Dr. Joe Simmons, Jr. The company filed an answer and cross-action in the nature of an interpleader, admitted its liability for $5,000 called for in the certificate, and asked to be relieved from further liability by having the court order the money paid to the party entitled to receive it. An interlocutory judgment was entered discharging the insurer. The certificate was issued in 1934.

Appellee Mrs. Virginia Simmons and the insured were married May 9, 1924, and were husband and wife continuously until they were divorced December 8, 1949; three children were born to their union, one of them being a daughter ten years of age at the time of the divorce; her custody was awarded to appellee, and the insured was ordered to pay child support in monthly payments until the child attained the age of sixteen years; the insured married appellant on December 31, 1951, and he died February 28, 1953; about six months before the divorce was granted, the insured made a will, leaving his property to his three children.

The beneficiary named in the certificate was "Mrs. Joe Simmons, Jr., (Wife)." The certificate contained these provisions: "A member or the Association may in application for insurance hereunder designate a beneficiary or beneficiaries and, subject to any legal restriction and to the rights of any irrevocably appointed beneficiary, may from time to time change the beneficiary. The interest of any beneficiary who shall die during the lifetime of such member shall, in the absence of any statutory restriction and if there be no other legally appointed beneficiary thereof, vest in the member insured and if there be no beneficiary designated at the time when any insurance hereunder shall be payable then such insurance shall be payable to the executor, administrator or assigns of the member insured. An appointment or change of beneficiary must be in writing signed by the member insured and shall not be effective unless filed with the Company at its Head Office, accompanied by the member's Individual Certificate for endorsation."

It was stipulated: "That the Insured never signed an application to change the beneficiary of the policy and never surrendered the policy to the insurance company to have an endorsement of change of beneficiary made on the policy," and "That no endorsement of change of beneficiary appears on the policy so that at all times the designated beneficiary of the policy since its inception has been 'Mrs. Joe Simmons, Jr., (wife).'"

In the property settlement agreement which was made a part of the divorce decree, we find these provisions: " * * * the parties desire to completely and forever settle their property rights in and to their community property, which is all the property that either of them possesses. Therefore, in consideration of the premises and the other good and valuable consideration hereinafter recited, the parties agree: John Joseph Simmons hereby agrees that Virginia Carlisle Simmons shall be entitled to the community homestead * * * and agrees to execute any and all necessary instruments to vest an absolute fee simple title in Virginia Carlisle Simmons; * * * Virginia Carlisle Simmons further releases, surrenders and assigns to John Joseph Simmons any right to or interest which

she may have in * * * any cash or loan or surrender value in any policy of life insurance upon the life of John Joseph Simmons, and further agrees to execute any and all instruments necessary to evidence such surrender and transfer. * * * In consideration of the Premises, the mutual covenants and agreements herein contained, the conveyances made and to be made, the parties do each declare this to be a complete full and final settlement of all of their property rights, and each party does hereby release and relinquish unto the other all his or her right, title, interest, claim and demand accrued and accruing in and to the property of the other, whether now in being or in possession, or hereafter acquired, and that this shall be a full and complete settlement of the controversy over the property rights of the parties involved in Cause No. 35589-B-J, now pending in the Juvenile Court of Dallas County, Texas, * * * this settlement is and forever after shall be, a bar to any suit at law or otherwise for anything growing out of the relation of the parties, as well as the property rights of the one against the other."

Appellant insists that the judgment should be reversed and rendered, requiring the proceeds of the policy to be paid to her, since she was "Mrs. Joe Simmons, Jr., (Wife)" at the time of insured's death, and that appellee was neither Mrs. Joe Simmons, Jr., nor the wife of insured at that time; her contention being that she is the only lawful wife or widow surviving the insured and is entitled to the proceeds as against the former wife, the divorce and insured's marriage to her in effect making her the beneficiary instead of the first Mrs. Simmons. Other points are that there is a jury question as to whether the insured did all he could reasonably do to change the beneficiary, and that in no event can appellee recover because she is precluded by the property settlement agreement.

■■ While there are holdings to the contrary, we think the weight of authority is that if the beneficiary is named, or can otherwise be definitely identified, her des-ignation as insured's wife is descriptive only, and where the wife is designated as beneficiary, the person sustaining that relation to insured at the time the policy is issued, and not the one who becomes his wife at a later time, is the beneficiary under the policy. 46 C.J.S., Insurance, § 1160, p. 43; Federal Life Ins. Co. v. Tietsort, 7 Cir., 131 F.2d 448; 52 A.L.R. p. 395; 29 Am.Jur., p. 965, sec. 1292; Schwantes v. Electrical Workers' Benefit Ass'n, 247 Wis. 508, 19 N.W.2d 894; Day v. Case, 43 Hun. 179, 5 N.Y.St.Rep. 397.

■ It seems to be now settled that where a divorced wife, who, while she was the wife, was designated as the beneficiary in her husband's policy, is awarded custody of minor children and her former husband is ordered to make regular support payments to her, she has an insurable interest in the life of her former husband. Simpson v. Clayton, Tex.Civ.App., 146 S.W.2d 504; Tips v. Security Life & Accident Co., Tex.Civ.App., 188 S.W.2d 219; Rio Grande Nat. Life Ins. Co. v. Tichenor, D.C., 69 F.Supp. 709.

■ Nor do we think there was a jury issue as to whether the insured did all he could reasonably have done to change the beneficiary. He did nothing which the contract required him to do in order to make the change. In Kotch v. Kotch, 151 Tex. 471, 251 S.W.2d 520, it was held that no beneficiary change had been effected although the insured had delivered to the company a signed application for the change, but did not deliver the policy for endorsement. In Kelley v. McDonald, Tex.Civ.App., 83 S.W.2d 414, it was held that no change of beneficiary had been effected although the insured had written a letter requesting change of beneficiary, the letter stating that the policy was being returned to the company, and after the insured's death, the letter and policy were found in an envelope, stamped and addressed to the company, in a drawer used to receive mail for patrons of the hotel where insured was clerk. In the instant case, the divorce, Dr. Simmons' subsequent

marriage, and his leaving the beneficiary designation as originally made, did not effect a change of beneficiary. This point is overruled.

The other contention is that the property settlement agreement bars appellee's right to recover. The point has given us difficulty; and we have seen no authority which is completely decisive of the question.

The agreement recites that all the property which either party has is community property. We do not decide whether that statement is correct. Each party relinquished to the other all "right, title, interest, claim and demand accrued and accruing in and to the property of the other, whether now in being or in possession, or hereafter acquired," and they agreed that "this settlement is and forever after shall be, a bar to any suit at law or otherwise for anything growing out of the relation of the parties, as well as the property rights of the one against the other."

Several pieces and articles of property were described; but it is not shown, except perhaps by implication, that all of the property then "in being or in possession" and belonging to the parties had been specifically accounted for; and nowhere in the agreement is there any assignment or relinquishment of all or any property not referred to therein.

Appellee did not by the agreement assign to Dr. Simmons all the "right to or interest which she may have" in any policy of insurance upon his life; she assigned in that connection only "any right to or interest which she may have in * * * any cash or loan or surrender value" in any such policy. It is true that at the time she had only a contingent interest, not a vested interest, in the policy. Volunteer State Life Ins. Co. v. Hardin, 145 Tex. 245, 197 S.W.2d 105, 168 A.L.R. 337; 52 A.L.R. p. 402. It could have been terminated by a change of beneficiary, by a failure to pay the premiums, or by Dr. Simmons' surrendering the policy under the cash surrender provision. Much of her contingent right could have been impaired had Dr. Simmons exercised the loan option. Not one of such steps was taken, and the policy was kept in force without change or diminution. Dr. Simmons owned the cash and loan and surrender value of the policy after the agreement was made. The fact that he could have impaired or extinguished her contingent interest does not, in our opinion, militate against the view that when her interest became fixed by his death, the proceeds of the policy were not any the less appellee's property. She had relinquished all rights she might ever have in deceased's property, but not in her own.

Must appellee be denied recovery because of the provision in the agreement that it shall forever be "a bar to any suit at law or otherwise for anything growing out of the relation of the parties"? Such contention is plausible, but we do not think it is sound. Her right to the proceeds of the policy, should she be the beneficiary at the time of insured's death, was created by the insurance contract, not the marriage contract. Federal Life Ins. Co. v. Tietsort, supra. Even though the fact that appellee was insured's wife at the time the policy was issued undoubtedly was the reason she was named beneficiary, her property interest therein cannot be said to have arisen out of the marriage relation. Wallace v. Mutual Ben. Life Ins. Co., 97 Minn. 27, 106 N.W. 84, 3 L.R.A.,N.S., 478.

In Simmons v. Miller, 171 Cal. 23, 151 P. 545, the parties, in contemplation of divorce, entered into a property settlement agreement whereby the wife assigned to the husband all of her right, title, interest, and ownership in and to all property standing in the name of her husband. A 20-year semi-tontine policy of insurance on the life of the husband matured. The wife was beneficiary. The policy provided that upon completion of the tontine dividend period the insured, without the consent of the beneficiary, might surrender

the policy and receive its share of the assets. The husband surrendered the policy and received the sum of $3,174.53. The former wife sued him for her alleged community interest in the money. The court said: "The sole question to be determined is whether or not the interest in the accumulations of the policy after the period of 20 years from its issuance was property standing in the name of Mr. Miller. Respondent contends that, although the right to receive the insurance in the event of Mr. Miller's death during the 20 years remained in the appellant (that being property which stood in her name and therefore, under the contract with respondent, her separate property), the right to receive personally the cash surrender value of the policy in the event that he should live more than 20 years was property standing in his name, and moreover was property which by the terms of the contract of settlement between husband and wife became his separate property. With this contention we are in full accord. The part of the policy providing for insurance and payment of the principal sum to the beneficiary in the event of the death of the insured within a certain period of years is separate and distinct from the contract to pay the 'surrender value' to the insured if he should outlive that term. * * * It is also immaterial whether or not the contract for the payment of the value of the policy at the expiration of 20 years was separate or community property. It was a chose in action, not due until the expiration of the 20 years, and it stood in Mr. Miller's name exclusively. * * *"

It must be borne in mind that the agreement relinquishing property by the one to the other was no more binding upon appellee than it was upon Dr. Simmons. If she is barred because the controversy grew out of the relation of the parties, so would he have been. And we are unable to understand how appellant would be in any better position.

Perceiving no error, the judgment is affirmed.