James Albert SIMMONS, Appellant,

v.

Joyce Elaine SIMMONS, Appellee.

No. 19446.

Court of Civil Appeals of Texas,
Dallas.

June 2, 1978.

Rehearing Denied June 29, 1978.

Peter S. Chantilis, Coffee, Coffee &
Chantilis, Dallas, for appellant.

Reba Graham Rasor, Raggio & Raggio,
Inc., Dallas, for appellee.

AKIN, Justice.

The principal question on this appeal is
whether long-term monthly disability bene-
fits provided by an employer and payable to
a former husband after divorce are commu-
nity property. We hold that these benefits
are community property because the right
to the payments was part of the husband's
compensation for services during marriage.
Accordingly, we affirm.

Appellant Simmons was a pilot for Delta
Airlines. He commenced his employment
with Delta on July 9, 1956, and married
appellee in Kansas on July 16, 1960. Appel-
lant became a participant in the Delta Pi-
lots Disability and Survivorship Plan when
it was established on February 1, 1972.
During a physical examination on Decem-
ber 23, 1975, it was discovered that appel-
lant had recently suffered a myocardial in-
farction. Because of this impairment, he
was grounded as a pilot. On March 16,
1976, appellant had open heart coronary
bypass surgery to alleviate blockage of
three coronary arteries. Since this surgery,
appellant has been unable to meet stan-
dards prescribed by the Federal Aviation
Administration (F.A.A.) for renewal of his
medical certificate and will continue to be
grounded until he is able to physically meet
the standards.

On March 8, 1977, appellant began receiv-
ing $2,460 per month in benefits under the
Delta Pilots Disability and Survivorship
Plan and will continue to receive these ben-
efits until he regains his medical certifica-
tion under F.A.A. regulations or until his
death, whichever occurs first. On May 3,
1977, appellant and appellee were divorced.
The trial court found that the right to
receive disability benefits from Delta is an
earned property right which did not come
to the appellant as a payment for damages
suffered by a personal injury, but as a part
of the bundle of benefits which appellant
acquired incident to his work for Delta and
were, therefore, community property. Ac-
cordingly, the court awarded these monthly
payments sixty-one percent to appellant
and thirty-nine percent to appellee, and the
husband appeals.

Appellant contends that the long-term
disability benefits are separate property be-
cause they represent a recovery for person-
al injury and loss of earning capacity after
divorce. In support of this argument, he
cites section 5.01(a)(3) of the Texas Family
Code Annotated (Vernon 1974) which pro-
vides:

(a) A spouse's separate property consists of . . .
  (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

He then points to section 5.01(b) which defines community property as follows:

(b) Community property consists of the *property,* other than separate property, *acquired* by either spouse *during marriage.* [Emphasis added]

Thus, he reasons that since his heart attack was a personal injury, disability payments made after divorce are separate property since they are for recovery of loss of earning capacity after divorce.

We cannot agree with this reasoning. Appellant's contention ignores the fact that the right to receive the disability payments after divorce was a vested property right resulting from his employment with Delta Airlines and as such was part of appellant's remuneration for his employment. *Copeland v. Copeland,* 544 S.W.2d 183, 184 (Tex. Civ.App.—Amarillo 1976, no writ). Without question the payments made by Delta were community property since this contractual right was a part of his compensation during marriage because it was one of the benefits flowing from his employment with Delta. We hold, therefore, that since the right to receive the payments was community, the benefits payable under the plan were likewise community subject to division by the court upon divorce. Tex.Fam.Code Ann. § 3.63 (Vernon 1975).

Appellant argues, however, that the heart attack was analogous to a tort injury and, therefore, under the rationale of *Graham v. Franco,* 488 S.W.2d 390, 396 (Tex. 1972), it is separate property. The supreme court in *Graham* did hold that recovery in tort for personal injuries to the body of a spouse is the separate property of the spouse so injured. However, in *Graham,* the court called attention to the views of learned writers to the effect that the right of personal security, which is the right violated by a personal injury tort, is not a right acquired during the marriage, but is

an "intensely separate right" which belongs to the injured spouse, and not to the community. This reasoning does not apply to a vested property right acquired during the marriage as a part of the remuneration for employment during marriage. Thus, the supreme court did not hold that if physical injury to a married person results in loss of earning capacity, any proceeds that may flow to the spouse so injured from a community contract right must be separate property. Here, the only reason that benefits were payable as a result of the heart attack was because of the Delta disability plan, which, as we have held, *supra,* was owned by the community, since it was one of the bundle of benefits that flowed from his employment during marriage and had vested prior to divorce.

Our holding is supported by the supreme court's decision in *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970) which held that disability retirement benefits accrued during marriage were community property. The court's rationale was that the disability retirement pay was not a gift or gratuity but rather was an earned property right accrued during marriage. *Id.* at 552, citing with approval *Kirkham v. Kirkham,* 335 S.W.2d 393 (Tex.Civ.App.—San Antonio 1960, no writ) and *Mora v. Mora,* 429 S.W.2d 660, 662 (Tex.Civ.App.—San Antonio 1968, writ dism'd). The supreme court in *Busby* also rejected the contention that there was a difference between voluntary retirement benefits and disability retirement benefits. Similarly, here the disability plan providing for benefits vested during marriage and was, therefore, an earned property right. Thus, the benefits from such a vested property right are community property even though they may be paid after divorce. As noted by the court in *Dominey v. Dominey,* 481 S.W.2d 473, 475 (Tex.Civ.App.—El Paso 1972), *cert. denied,* 409 U.S. 1028, 93 S.Ct. 462, 34 L.Ed.2d 321 (1972), disability benefits still fit into the mold of an earned property right since they did not come as a result of payment for damages suffered as a result of an injury, but rather were part of the "bundle of benefits" earned during marriage.

Appellant insists, nevertheless, that *Ramsey v. Ramsey,* 474 S.W.2d 939, 941 (Tex. Civ.App.—Eastland, 1972, writ dism'd) is controlling. That case held that Veterans Administration payments for a service-connected disability were separate property, even though they were received during marriage, because the disability payments were not an earned property right, but were remuneration for a service-connected disability, for which the Veterans Administration had no obligation to pay. The opinion does not disclose whether the disability arose before or after marriage. The court distinguished *Busby* on the ground that in *Busby* the right to benefits was acquired during the marriage as a result of the joint efforts of the spouses.

We conclude that since the benefits here arose by a contract right vested during marriage rather than as a recovery for personal injuries sustained by the husband during marriage, the disability benefits were correctly characterized as community property by the trial court. Consequently, we find no abuse of discretion by that court and accordingly affirm.