**Betty Ruth BONAR, Appellant/Appellee,**

v.

**Bernard Ray BONAR,**
· **Appellee/Appellant.**

**No. 7036.**

Court of Civil Appeals of Texas,
El Paso.

March 11, 1981.

Rehearing Denied April 1, 1981.

Guevara, Rebe & Baumann, Colbert N. Coldwell, El Paso, for appellant/appellee.

Patrick L. Quinn, El Paso, for appellee/appellant.

## OPINION

OSBORN, Justice.

Betty Bonar complains in this appeal of the trial Court's failure to award her a part of her former husband's civil service disability benefits paid to him as a result of injuries sustained in his employment three years after their divorce.  She also com-

plains of the trial Court's failure to partition certain insurance benefits. We affirm.

Betty and Bernard were married in July, 1952. At that time, he was employed by the United States Department of Defense. The parties were divorced in Juarez, Mexico, in March, 1970. That decree did not make any disposition of the property rights of the parties. Bernard sustained on-the-job injuries in November 1973 and has since that time been compensated for total disability under Title 5, U.S.C.A., Chapter 81—Compensation for Work Injuries. In 1980, he was paid monthly benefits of $1,871.94.

The Appellant asserts that Bernard retired from the Department of Defense in February, 1974 with a total accumulated "creditable service" under Title 5, U.S.C.A., sec. 8332, of 369 months. These parties were married for 213 months and she asserts she should receive 28.59% of the amount of the retirement benefit accrued to her former husband. If he were not receiving disability benefits under Chapter 81, he would receive $1,370.00 for retirement pay under Title 5, U.S.C.A., Chapter 83—Retirement. Betty's basic contention is that by taking disability compensation rather than regular retirement, her former husband not only receives a larger monthly payment, but he also prevents her from receiving 28.59% of his retirement pay which she would otherwise receive. The trial Court's judgment does provide that if Mr. Bonar should in the future receive payments under Chapter 83, Betty Bonar would be entitled to 28.56% of such benefits.

Mrs. Bonar relies upon the holding in *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), where the Court held that military disability retirement benefits were subject to partition. In that case, the benefits were paid under Title 10, U.S.C.A., sec. 1201. The Court reasoned that those benefits were an earned property right which accrued by reason of the husband's years of service, and such benefits constituted community property. Appellant also cites *In re Marriage of Stenquist*, 21 Cal.3d 779, 582 P.2d 96, 148 Cal.Rptr. 9 (1978), and *In re Marriage of Samuels*, 96 Cal.App.3d 122, 158 Cal.Rptr. 38 (1979), as authority for her contention that she is at least entitled to 28.59% of the $1,370.00 accrued retirement benefits which her husband would receive, but for his having elected to receive disability benefits. In the more recent case of *In re Marriage of Milhan*, 27 Cal.3d 765, 613 P.2d 812, 166 Cal.Rptr. 533 (1980), the California Supreme Court permitted recovery by a wife of a proportionate part of a husband's disability benefits from the Veterans' Administration insofar as these benefits replaced retirement pay which had been earned.

There can be no question but that regular civil service retirement benefits and civil service disability retirement benefits paid out under the provisions of Title 5, U.S.C.A., Chapter 83, are subject to division and partition. *Cowan v. Plsek*, 592 S.W.2d 422 (Tex.Civ.App.—Waco, 1979, writ ref'd n. r. e.); *Matter of Marriage of Butler*, 543 S.W.2d 147 (Tex.Civ.App.—Texarkana 1976, writ dism'd). But, the benefits paid under Chapter 81 to Mr. Bonar are in the nature of workers' compensation for on-the-job injuries. The law of this State is clear that workers' compensation benefits received after a divorce are not community property, even in those instances where the injury was received during the marriage. *Hicks v. Hicks*, 546 S.W.2d 71 (Tex.Civ.App.—Dallas 1976, no writ). Where, as in this case, the injury occurs after the divorce, the compensation payments would not be a property right to which the former spouse would have any claim.

In the recent case of *Ex parte Johnson*, 591 S.W.2d 453 (Tex.1979), the Court held that disability compensation benefits from the Veterans' Administration were not an earned property right and not subject to partition. The Court in that case followed the decision in *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), and held the benefits could not be assigned and were solely for the use of the disabled veteran. Although Title 5, U.S.C.A., sec. 8130, prohibits an assignment of a claim for compensation, we conclude that Mrs. Bonar has no interest or claim to these

compensation benefits and could not recover even if there was no provision in the law prohibiting assignment of compensation benefits. Appellant's Points of Error Nos. One and Two are overruled.

By her third point of error, Mrs. Bonar complains of the trial Court's failure to partition Government Life Insurance policies held by Mr. Bonar. The evidence reflects that Mr. Bonar has $28,000.00 in regular group life insurance and $10,000.00 in optional group life insurance. Premiums on the regular life policy are suspended during his disability, and he pays a small monthly premium for the optional life policy. Although Mrs. Bonar sought to obtain a portion of the benefits under these policies, the trial Court's judgment makes no mention of these policies. Neither does the judgment follow earlier suggestions as to provisions which would make the judgment final. *See: North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966); *Tellez v. Tellez*, 531 S.W.2d 368 (Tex.Civ. App.—El Paso 1975, no writ). Under the holding in the *Aldridge* case, we presume that the Court intended to dispose of all issues and conclude that the judgment is final and appealable. There is no proof in the record as to whether the insurance in question was acquired before the marriage, during the marriage, or after the divorce, or that Mrs. Bonar has any rights therein. The burden of proof was upon Mrs. Bonar, who claimed an interest in these insurance policies, to establish her claim. Without sufficient proof, there can be no error upon the part of the trial Court in failing to award her some interest in these policies. While we recognize that the matter has not been fully developed, we have no authority to reverse an errorless judgment. *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368 (Tex.1963).

Mr. Bonar, as an appellant, presents four points of error complaining of the trial Court awarding to his former wife a designated percentage of his earned civil service retirement benefits under Title 5, U.S.C.A., Chapter 83, "if, as and when such benefits are payable to him." For the reasons set forth earlier in this opinion, we believe such division was proper and Mr. Bonar's points of error are all overruled.

The judgment of the trial Court is affirmed.