**Raymond Russell RUCKER, Appellant,**

v.

**Barbara Ann RUCKER, Appellee.**

**No. B14–90–461–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 9, 1991.

Rehearing Overruled June 27, 1991.

———

C. Lynne Little St. Leger, Houston, for appellant.

Stan Nix, Kingwood, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

**794**

## OPINION

JUNELL, Justice.

This is an appeal from a final judgment on a motion for turnover in which appellant was to turn over to appellee a portion of his monthly disability payments. Appellant appeals the granting of the turnover order alleging that the trial court erred in granting the turnover order because: (1) the disability benefit appellant receives is compensation for lost earning capacity occurring after divorce; (2) the disability benefit appellant receives was not earned or accrued during marriage, but is his separate property, and distinct from the retirement pension benefits partitioned in the divorce decree; and (3) the statute creating the pension fund exempts disbursement of this fund from such orders. We affirm.

The appellant and appellee were divorced on February 14, 1983. At that time, appellant had been an officer with the Houston Police Department and a member of the police pension system for twelve years and two months. The divorce decree awarded appellee the following:

fifty per cent (sic) (50%) of the retirement plan and/or pension plan of Petitioner, RAYMOND RUSSELL RUCKER, with the City of Houston and/or the Houston Police Department and their successors and participating subsidiaries as calculated in the following manner:

1. One hundred forty-six (146) (the same being the total number of months Petitioner and Respondent have been married through February 13, 1983) will be the numerator and the number of months that Petitioner, RAYMOND RUSSELL RUCKER, is credited with having been employed by the City of Houston and/or the Houston Police Department and/or any successor entity thereto, from date of employment through date of retirement, will be the denominator.

2. The fractional interest described in the preceding paragraph shall be multiplied times the gross amount of each and every retirement and/or pension payment if, as, and when received by RAY-

MOND RUSSELL RUCKER or his estate, times fifty percent (50%).

3. IT IS ORDERED, ADJUDGED AND DECREED that RAYMOND RUSSELL RUCKER is hereby designated and declared a constructive trustee for the purpose of receiving the retirement and/or pension benefits and is ORDERED to directly transmit to BARBARA ANN RUCKER the dollar amount arrived at by multiplying fifty per cent (sic) (50%) times the fraction set forth in paragraph (1) times the gross benefit received by RAYMOND RUSSELL RUCKER, if as, and when received, within three (3) days after receipt of same by RAYMOND RUSSELL RUCKER or his estate.

Six years after the divorce, appellant was injured during the performance of his duties as a Houston police officer. The Pension Board of the Houston Police Department determined appellant to be permanently disabled as a result of the injuries he received in the line of duty. Appellant was granted a disability pension allowance though he had not yet served twenty years or more and attained the age of fifty, the minimum requirements for a service retirement pension. Appellant's disability benefit depends solely on his disability; it has nothing to do with years of service. Appellee, alleging that the payments were retirement benefits, sought a turnover order that would require appellant to turn over to her the percentage of his disability payments. The trial court granted the turnover order.

In his first two points of error, appellant claims that the disability payments are his separate property. Specifically, he claims that the benefits are for lost earning capacity after divorce, i.e. the benefits are worker's compensation payments to which his ex-wife is not entitled under Texas law, and that the payments are distinct from the retirement pension benefits partitioned in the divorce.

Appellant first contends that the benefits he is receiving are in the nature of worker's compensation benefits, and since the injury occurred after divorce, his former spouse is not entitled to a percentage.

In support of his contention, appellant cites *Bonar v. Bonar*, 614 S.W.2d 472 (Tex.Civ. App.—El Paso 1981, writ ref'd n.r.e), which held that civil service disability benefits were in the nature of worker's compensation benefits, and were separate property when the injury that precipitated the benefits occurred post-divorce. The *Bonar* decision hinged on the interpretation of U.S.C. Title 5, Chapters 81 and 83. *Bonar*, 614 S.W.2d at 473. In *Bonar*, the benefits paid to Mr. Bonar were paid under Chapter 81, COMPENSATION FOR WORK INJURIES. *Id.* The federal courts have interpreted this chapter as a worker's compensation act, a limitation of remedies against the government as an employer. Appellant is correct in his assertion that worker's compensation benefits, received after divorce, are not community property and therefore not divisible upon divorce. However, the court in *Bonar* distinguished Chapter 81 from Chapter 83. Chapter 83, in § 8337, provides for disability retirement. The *Bonar* decision clearly stated that those benefits are subject to division and partition. *Id.*

Appellant does not argue that he is a federal employee and that his benefits are paid under Chapter 81. Rather, he analogizes his situation claiming that his benefits are like those worker's compensation benefits. This court has reviewed Chapters 81 and 83. We found it telling that the chapter on disability retirement, Chapter 83, states that an employee who:

> ... is found by the Office to have become disabled **shall be retired.**

(emphasis supplied). This is the exact language found in the pension statute under which appellant receives his benefits. Appellant's payments, unlike those in *Bonar*, are not worker's compensation benefits. The payments are disability retirement payments. Under the terms of the divorce decree, appellee is entitled to a portion of any retirement benefits. The benefits received by appellant are disability retirement payments and are divisible.

Appellant's second argument, that the payments he received are distinct from those partitioned in the divorce, also fails.

The pension statute states that a disabled officer shall be retired. The language is clear. Further, throughout the entire statute, the language used is retirement/pension. Such use is indicative of our finding that the benefits received by appellant are retirement benefits. When the Police Pension Board found that appellant was disabled, he was retired. The divorce decree gave appellee a percentage of all retirement and pension benefits. Under the language of the statute appellant was retired and his benefits were for such retirement. This court notes with interest that the benefits appellant receives are the same he would have received if he had voluntarily retired after twenty years. This simply reinforces our finding that the benefits are retirement payments and appellee is entitled to her percentage. Appellant's first and second points of error are overruled.

■ In his third point of error appellant claims that his benefit payments are exempt from disbursement. He alleges that Tex.Civ.Prac. & Rem.Code Ann. § 31.002(a)(2) and (f) prevents the turnover statute from being used to reach property which is exempt by statute. Appellant is wrong when he argues that the pension fund statute exempts the disbursement. What the statute says is that the funds in the Pension Fund are exempt while they remain in the Fund. After the funds are paid to the appellant they are no longer protected by the pension fund statute. *See Cain v. Cain*, 746 S.W.2d 861 (Tex.App.— El Paso 1988, writ denied). However, a careful reading of § 31.002 reveals that this is no longer the case.

■ Tex.Civ.Prac. & Rem.Code Ann. § 31.002 refers to Tex.Prop.Code Ann. § 42.0021. This section states that retirement plan payments are exempt from attachment, execution, and seizure. Read in conjunction with § 31.002 it seems that under no circumstances can retirement payments be reached. However, § 42.0021 states that such retirement plans are exempt unless they do not qualify under the applicable provisions of the Internal Revenue Code of 1986. It is the burden of the party claiming the exemption to prove that

he is entitled to it. *See generally Hammerman & Gainer, Inc. v. Bullock,* 791 S.W.2d 330 (Tex.App.—Austin 1990, no writ) (one claiming statutory tax exemption has burden of proof); *Texas Commerce Bank v. McCreary,* 677 S.W.2d 643 (Tex. App.—Dallas 1984, no writ) (one claiming homestead exemption has burden of proof); *Jones v. Latham,* 671 S.W.2d 612 (Tex.App. —Eastland 1984, writ ref'd n.r.e.) (one claiming Securities Act exemption has burden of proof). Appellant introduced no evidence showing qualification under the Internal Revenue Code of 1986. Therefore, he did not carry his burden of proving his entitlement to the exemption. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.