Newsom 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00399-CV







Tommy D. Newsom, Appellant



v.



Peggy Lynn Petrilli, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 434,684, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 This appeal presents two questions: (1) Whether the original divorce decree
contained a clerical error that allowed the trial court to enter a judgment nunc pro tunc dividing
disability benefits; and (2) whether the disability benefits at issue are community property subject
to division upon divorce. Because the answer to both questions is yes, we will affirm the trial
court's judgment.



BACKGROUND


 Peggy Lynn Petrilli (formerly Peggy Lynn Newsom) and Tommy Newsom were
divorced in 1988 after seventeen years of marriage. In 1990, Newsom was retired from the
Austin Fire Department with a disability and began receiving monthly disability benefits of
approximately $1700. The examining physician attributed Newsom's disability at least in part to
deterioration of a condition growing out of a head injury suffered prior to the marriage. Newsom
did not notify appellee of the disability payments and did not remit to her any portion of the
benefits received, which by the time of trial totalled approximately $85,000. 

 In 1994, after learning of Newsom's disability benefits, Petrilli brought this action
seeking to collect fifty percent of the disability benefits Newsom had earned during the marriage. 
The original divorce decree awards one-half of "Respondent's" insurance, pension and retirement
benefits to each party; it does not mention "Petitioner's" employment benefits. Newsom, the
only party who was employed at the time of the divorce, was the Petitioner; Petrilli, the
Respondent, had not been employed for over fifteen years. (1) Petrilli argued that the reference to
"Respondent's" employment benefits was a clerical error in the original decree and asked the court
to enter a nunc pro tunc judgment awarding one-half of the community interest in "Petitioner's"
employment benefits to each party. In the alternative, she asked the court to partition Newsom's
employment benefits if they had not been divided by the divorce decree. The trial court found
that the substitution of Respondent for Petitioner was a clerical error and entered a nunc pro tunc
judgment making the change, in effect awarding fifty percent of Newsom's disability benefits
earned during marriage to Petrilli. The trial court did not render judgment regarding the $85,000
in benefits that Newsom had already collected but ordered the parties to mediation to resolve this
issue. In this same postdivorce hearing, the trial court denied Newsom's request that his child
support obligation be reduced, granted Petrilli's motion to extend child support beyond eighteen
years of age for the parties' disabled son, and awarded attorney's fees to Petrilli. Newsom does
not complain of the child support decision or the attorney's fee award in this appeal.

 Newsom brings three points of error regarding the nunc pro tunc judgment: 
(1) that the error in the original decree was not a clerical error that would permit the entry of a
judgment nunc pro tunc; (2) that the disability benefits at issue here were his separate property
not subject to division upon divorce; and (3) that, by clarifying what portion of the present
disability benefits were community property, the court exceeded the bounds of a permissible nunc
pro tunc judgment under Rule 316. Tex. R. Civ. P. 316. (2)



CLERICAL ERROR


 In his first point of error, appellant argues that substituting Respondent for
Petitioner in the decree's award of employment benefits was a judicial rather than a clerical error. 
We begin by noting that the divorce decree sets forth: "It is the intent of the court, Petitioner and
Respondent to provide for an even 50/50 division between Petitioner and Respondent of all
community debts, all non-exempt community property, and all [exempt] community property .
. . ." This Court must construe the original judgment "as a whole toward the end of harmonizing
and giving effect to all the court has written." Constance v. Constance, 544 S.W.2d 659, 660
(Tex. 1976). To divide "Petitioner's" employment benefits 50/50 would accomplish the intent
of the parties; to divide "Respondent's" employment benefits 50/50 would render the employment
benefits provision meaningless, since respondent had no benefits arising out of her employment
during marriage, and further would fail to make any award of a significant asset of the parties. 
The attorney who drafted the original decree testified that when Newsom's attorney submitted a
draft proposal awarding Newsom all of his retirement benefits, she objected and specifically
changed the language to provide for an equal division of the employment benefits, to which the
parties agreed. She further testified that in making the agreed upon change, she inadvertently
provided for an equal division of "Respondent's" rather than "Petitioner's" employment benefits. 
We agree with the trial court that this was clearly a clerical error, not a "judicial" error as
appellant claims.

 This Court has distinguished judicial and clerical errors:



A clerical error is one which does not result from judicial reasoning or
determination. For the judgment nunc pro tunc to be valid, the error must arise
in the entry of the judgment, and not in its rendition. As a result, whenever the
judgment entered by the court incorrectly records the judgment rendered, the error
is clerical, so long as a product of judicial reasoning is not involved.



Nolan v. Bettis, 562 S.W.2d 520, 522 (Tex. Civ. App.--Austin 1978, no writ) (citations omitted). 


 Appellant relies on Dikeman v. Snell, 490 S.W.2d 183 (Tex. 1973), to assert that
an error made in a judgment prepared by an attorney becomes a "judicial" error when that
judgment is entered by the court. Such an interpretation is clearly a misreading of that case and
would eliminate any possibility of clerical error, since almost all judgments today are drafted by
the successful attorney for the judge's signature. In Dikeman, the original judgment required a
property owner to build a fence constructed of specified materials, of a certain thickness running
in a particular direction. Id. at 184. The nunc pro tunc judgment considerably altered the
specifications to mandate an entirely different fence. Id. at 185. Because these modifications
effected substantial changes and were not made to correct any clerical error, the appellate court
held the nunc pro tunc judgment void. By contrast, there is satisfactory evidence that the use of
the word "Respondent" in this original divorce decree was a clerical error, which the trial court
was at liberty to amend through a judgment nunc pro tunc. We overrule the first point of error.

 In his third point of error, Newsom complains that the judgment entered by the trial
court more resembles a "clarification" order than a judgment nunc pro tunc. See Tex. Fam. Code
§ 3.72 (West 1993). The judgment entered below does clarify what percentage of the present
disability benefits was earned during marriage and hence was community property. Because
Newsom continued his service with the Austin Fire Department after the divorce in 1988 until he
was retired with a disability in August 1990, it was necessary for the court to calculate what
percentage of those benefits was community property and to award Petrilli one-half of the
community property portion of those benefits, rather than one-half of the total disability benefits. 
Newsom benefitted from this "clarification." His other arguments, that the court should reassess
the current equities of the parties rather than enter a nunc pro tunc judgment, have been foreclosed
by our discussion of the first point of error. 

 Appellant also argues in his third point of error that the trial court was not
authorized to divide the community assets under Texas Family Code section 3.90(c), which
imposes a two-year statute of limitations on a complainant. Tex. Fam. Code Ann. § 3.90(c) (West
1993). Appellant has failed, however, to raise such argument in a separate point of error,
pursuant to Rule 74(d) of the Texas Rules of Appellate Procedure. More significantly, appellant
did not refer to any authority to support this argument and did not provide any convincing
evidence on which to base his contention. See Wright v. Gernandt, 559 S.W.2d 864, 872 (Tex.
Civ. App.--Corpus Christi 1977, no writ). We therefore decline to consider such an argument and
overrule the third point of error.



DISABILITY BENEFITS AS COMMUNITY PROPERTY


 Appellant contends in his second point of error that the trial court erred in dividing
appellant's disability income because it is his separate property. Texas courts have generally held
that benefits similar to those Newsom receives are community property. See Busby v. Busby, 457
S.W.2d 551, 554 (Tex. 1970); Rucker v. Rucker, 810 S.W.2d 793, 795 (Tex. App.--Houston [14th
Dist.] 1991, writ denied); Simmons v. Simmons, 568 S.W.2d 169, 170 (Tex. Civ. App.--Dallas
1978, writ dism'd). In Simmons, the appellant contended that his disability benefits were separate
property because they represented a recovery for personal injury and loss of earning capacity after
divorce. Simmons, 568 S.W.2d at 170. The court rejected this argument, holding that the
benefits were community property:



Appellant's contention ignores the fact that the right to receive the disability
payments after divorce was a vested property right resulting from his employment
. . . and as such was part of appellant's remuneration for his employment. 
Without question the payments made by Delta were community property since the
contractual right was part of his compensation during marriage because it was one
of the benefits flowing from his employment with Delta.



Id.

 Appellant seeks to distinguish Simmons, arguing that not only did the disability
benefits begin after marriage but also that the injury leading to his disability occurred before
marriage. We reject this argument, noting that appellant's disabling condition does not result
directly from his old injury but from a deterioration occurring through the years. But more
importantly there is no distinction because, as in Simmons, Newsom's ability to collect disability
is "one of the bundle of benefits that flowed from his employment during marriage and had vested
prior to his divorce." Id.

 Newsom also contends that his disability benefits are in the nature of worker's
compensation benefits, which are not community property when received after divorce. Bonar
v. Bonar, 614 S.W.2d 472, 473 (Tex. Civ. App.--El Paso 1981, writ ref'd n.r.e.) (holding certain
benefits to fall into the category of worker's compensation not divisible as part of community
property). 

 As retirement disability pay, Newsom's benefits are not worker's compensation and
are community property. See Rucker, 810 S.W.2d at 795. Rucker concerned a similar assertion
that the benefits involved more resembled worker's compensation than retirement benefits. Id. 
Because the pension statute under consideration contained mandatory retirement language upon
the occurrence of a disability, the Rucker court held that the disputed benefits must be considered
as retirement benefits, unlike worker's compensation payments. Id. 

 Appellant would distinguish the holding in Rucker by arguing that the Fire Fighter's
Relief and Retirement Fund does not contain mandatory language requiring retirement upon
disability. See Act of May 12, 1989, 71st Leg., R.S., ch. 863, § 5, 1989 Tex. Gen. Laws 3845,
3847, since amended. In fact, both the pension statute and the retirement plan governing his
disability pay do mandate retirement upon disability. (3)
 The Fund administrator testified at the
hearing that Newsom was terminated when he was declared disabled and that his disability
benefits were calculated using his years of service multiplied by his retirement factor multiplied
by his highest three years' average salary. The Fund administrator also testified that if upon
further physical examination Newsom lost his "disabled" classification, he would begin collecting
simple retirement benefits (in a lesser amount). Newsom's disability benefits, like the benefits
in Simmons, are community property, unlike the worker's compensation benefits in Bonar. The
trial court did not err in finding them community property under the reformed decree of divorce. 
We overrule the second point of error.



CONCLUSION


 The trial court did not err in finding that Newsom's disability benefits under the
Fire Fighter's Relief and Retirement Fund were community property subject to division upon
divorce. And the trial court properly found the inadvertent substitution of the word Respondent
for Petitioner in the judgment dividing employment benefits to be a clerical error subject to
reformation by the entry of a judgment nunc pro tunc that awarded one-half of the community
property portion of Newsom's disability payments to Petrilli. We therefore affirm the judgment
of the trial court in all regards.



 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: April 3, 1996

Publish

1. [1] At the hearing below, Petrilli testified that early in her marriage she had withdrawn the
small amount of teacher retirement she had earned to make a down payment on a home for the
parties.
2. [2]  Clerical mistakes in the record of any judgment may be corrected by the judge in open court
according to the truth or justice of the case after notice of the motion therefor has been given to
the parties interested in such judgment, as provided in Rule 21a, and thereafter the execution shall
conform to the judgment as amended. 
3.   The language in appellant's retirement plan provides in part:

If a person serving as an active fire fighter duly enrolled in a fire department
covered by this Act becomes disabled for either physical or mental reasons
before meeting the requirements to qualify for a service retirement . . . the
board of trustees shall, on his request, or without his request if it shall deem proper
and for the good of the department, retire the fire fighter from active service and
order that he be paid from the fire fighter's relief and retirement fund of the city a
monthly amount . . . .


(emphasis added).