COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

THOMAS WRIGHT,                                            )

                                                                              )              
No.  08-01-00361-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
383rd District Court

JUDY WRIGHT,                                                   )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                   (TC# 92-11954)

                                                                              )

 

 

MEMORANDUM   OPINION

 

This appeal is
from the denial of a turnover order sought by the Appellant pursuant to
Tex.Civ.Prac.&Rem.Code Ann.'
31.002(b)(1)(Vernon Supp. 2003).








The Wrights were
divorced in 1993.  Judy Wright was
awarded a portion of Thomas Wright=s
retirement benefits from the El Paso Fireman and Policeman=s Pension Fund.  In July 2001, Appellee petitioned for
enforcement and clarification claiming that Appellant had failed to pay the
amounts she was entitled to pursuant to the divorce decree and a qualified domestic
relations order (QDRO) and seeking a modification of the QDRO to provide for
direct payment to her from the pension plan. 
On the day of the hearing on Appellee=s
motion, Appellant filed a counter-claim for enforcement of a prior judgment and
for a turnover action, effectively seeking to offset any arrearage or amounts
payable under the QDRO.  The motion was
denied by the trial court.

Appellant brings a
single issue which we understand to be that the evidence is legally
insufficient.  That is, he asserts that
there is no evidence that his pension plan was a Aqualified@ plan and subject to an exemption under
Tex.Civ.Prac.&Rem.Code Ann. ' 31.002.

In a bench trial,
factual and legal sufficiency challenges to the trial court=s findings of fact are reviewable under
the same standards that are applied in reviewing evidence supporting a jury=s verdict.  Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  In considering a Ano evidence,@
or legal insufficiency point, we consider only the evidence that tends to
support the jury=s
findings and disregard all evidence and inferences to the contrary.  See Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965); Leibman v. Grand, 981 S.W.2d 426, 429 (Tex.App.‑-El
Paso 1998, no pet.).  If more than a
scintilla of evidence exists to support the questioned finding, the Ano evidence@
point fails.  Tseo v. Midland Am. Bank,
893 S.W.2d 23, 25 (Tex.App.‑‑El Paso 1994, writ denied).








We review a
turnover order under an abuse of discretion standard.  Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991).  In
conducting this review, we engage in a two‑pronged analysis:  (1) Did the trial court have sufficient
information upon which to exercise its discretion?; and (2) Did the trial court
err in its application of discretion?  Lindsey
v. Lindsey, 965 S.W.2d 589, 592 (Tex.App.‑‑El Paso 1998, no
pet.).  The traditional sufficiency of
the evidence review, articulated above, comes into play when considering the
first question.  Id. at 592.  We then proceed to determine whether, based
on the elicited evidence, the trial court made a reasonable decision, or whether
it is arbitrary and unreasonable.  Id.  The question is not whether, in the opinion
of the reviewing court, the facts present an appropriate case for the trial
court=s action,
but whether the court acted without reference to any guiding rules and
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied,
476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); Lindsey, 965
S.W.2d at 592.

Appellant filed
his application for turnover relief pursuant to Section 31.002(a) of the Texas
Civil Practice and Remedies Code, which provides:

(a)        A judgment creditor is entitled to aid
from a court of appropriate jurisdiction through injunction or other means in
order to reach property to obtain satisfaction on the judgment if the judgment
debtor owns property, including present or future rights to property, that:

 

(1)        cannot readily be attached or levied on
by ordinary legal process;  and

 

(2)        is not exempt from attachment,
execution, or seizure for the satisfaction of liabilities.

 

Tex.Civ.Prac.&Rem.Code
Ann. '
31.002(a).

A court may not,
however, enter or enforce an order that requires the turnover of the proceeds
of, or the disbursement of, property exempt under any statute.  Tex.Civ.Prac.&
Rem.Code Ann. '
31.002(f).  The statute requires a
factual showing that the judgment debtor has non‑exempt property that is
not readily subject to ordinary execution. 
Schultz v. Fifth Judicial Dist. Court of Appeals of Dallas, 810
S.W.2d 738, 740 (Tex. 1991)(orig. proceeding). 
Upon proof of the necessary facts, it authorizes the trial court to
order affirmative action by the judgment debtor and others to assist the
judgment creditor in subjecting such non‑exempt property to satisfaction
of the underlying judgment.  Id. 








There are no findings
of facts and conclusions of law in the record before us.  We therefore presume that the trial court
made all necessary findings to support its judgment, and we will affirm based
upon any legal theory finding support in the evidence.  Tate v. Tate, 55 S.W.3d 1, 4
(Tex.App.--El Paso 2000, no pet.).

Appellant=s sole contention is that there is no
evidence that his policeman=s
pension was a qualified plan under ERISA or the Internal Revenue Code that
would make Appellee=s rights
in Appellant=s pension
exempt from attachment, execution, and seizure in satisfaction of debt under Tex.Prop.Code Ann. ' 42.0021(a)(Vernon 2000).  He relies on Rucker v. Rucker, 810
S.W.2d 793, 795-96 (Tex.App--Houston [14th Dist.] 1991, writ. denied)(It is the
burden of a party seeking exemption from the turnover statute to prove
entitlement to the exemption.).  He
ignores, however, that it was his initial burden to show that the debt owed him
Acannot readily be attached or levied on
by ordinary legal process.@  Tex.Civ.Prac.&Rem.Code
Ann. '
31.002(a).  The trial court may only
issue turnover order against a judgment debtor where Afactual
showing@ is made
that the judgment debtor (1) has property not readily subject to ordinary
execution, and (2) has non‑exempt property.  Schultz, 810 S.W.2d at 740; Qualia
v. Qualia, 37 S.W.3d 128, 129 (Tex.App.--San Antonio 2001, no pet.).  There was simply no factual showing made by
Appellant that would support a turnover order and the trial court properly
refused to issue the order.  We overrule
the issue and affirm the judgment of the trial court.

 

 

 

August
15, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.