**Julia Ruth THIBODEAUX now Julia Ruth Wisby DiMatteo, Appellant,**

v.

**Cecil Maurice THIBODEAUX et al., Appellees.**

No. 7880.

Court of Civil Appeals of Texas, Beaumont.

Jan. 13, 1977.

R. E. McDaniel, Winnie, for appellant.

M. E. Dorman, Orange, James L. Weber, Beaumont, for appellee.

STEPHENSON, Justice.

Plaintiff, Julia DiMatteo, formerly the wife of the defendant, Cecil Thibodeaux, brought this suit against her former husband and his employer, E. I. DuPont De Nemours & Co., Inc. ("DuPont"), to recover her share of retirement benefits earned by her former husband during their marriage. Trial was before the court, and judgment was rendered for the defendant husband and DuPont.

### Part I

█ These parties were married July 19, 1947, and their divorce was granted February 29, 1972. This suit was filed November 7, 1975. Plaintiff alleges that these retirement benefits were not partitioned in the divorce suit and that she is entitled to her share. Under the now well established law in this state, that is the primary question for this court to determine. If the retirement benefits were partitioned, then plaintiff would be faced with all of the problems of "collateral attack", "res judicata", and "abuse of discretion" in the division of community property. If the retirement benefits were not partitioned, then these parties are tenants in common or joint owners thereof. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). See and compare *Constance v. Constance*, 544 S.W.2d 659 (Tex.1976). See also *Clendenin v. Krock*, 527 S.W.2d 471, 473 (Tex.Civ.App.—San Antonio 1975, no writ).

█ The only part of the divorce judgment pertaining to the property reads as follows:

"The court further finds that Plaintiff [husband] and Defendant [wife] have accumulated community property but have mutually agreed to a partition of said property and have partitioned the same between themselves. The Defendant [wife] now has in her possession all of the community property to which she is entitled under this agreement and the Plain-

tiff [husband] now has in his possession all of said property to which he is entitled under said agreement with the exception of some antiques still in the possession of the Defendant [wife] which the Defendant [wife] has agreed to deliver to the Plaintiff [husband] at a more convenient time and the Court finds that said agreement of partition is fair and equitable and the same is here now approved and each party is appointed his separate property as per said agreement."

It is apparent that the retirement benefits were not specifically disposed of in such divorce judgment.

The Honorable Roy Wingate testified as follows: He is an attorney and represented the husband in the divorce case. The wife was not represented by an attorney. Wingate said he discussed the retirement benefits with the husband and both were under the impression an employee had no vested interest in the plan at the time. There was no way of setting any kind of value on the pension plan at the time. He identified a list of the property defendant had brought to him, and the retirement benefits were not listed.

The husband [defendant] testified on the trial of this case as follows: He prepared the inventory of the community property and gave plaintiff a copy. The retirement benefits were not shown on the list. He didn't include them because he "didn't have anything at that time." He didn't know that the interest was already vested at that time. It vests after fifteen years, but he would have to wait until he was sixty-five before drawing any money. At the time of the hearing in this case (February 26, 1976) he was fifty-one years old and had been with DuPont twenty-eight years and four months.

The plaintiff-wife testified upon the trial of this cause as follows: that she and Mr. Wingate did not discuss the retirement benefits; she knew her husband had a retirement plan at DuPont, but did not know it was community property.

The trial court made findings of fact, which included a finding that the retirement benefits were partitioned and disposed of in the divorce judgment. The trial court concluded that this action constitutes a collateral attack against the divorce judgment. We disagree.

There is no evidence in this record to show that there was a partition or disposition of the retirement benefits. The divorce judgment does not specifically dispose of such benefits, and the residue clause mentions only the property in their possession. According to all of the evidence from the three witnesses testifying, the retirement benefits were given no consideration in making a division of this community estate. There is no evidence that the trial court in the divorce action had any knowledge or information about the retirement benefits.

*Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ), is a well written opinion on the point before us. The parties to a divorce case may in all good faith intend to make a full and complete division of all of their community estate and still may fail to effectively carry out such intent. So, it is in the case before us. No disposition was made of the retirement benefits.

The divorce decree in *Dessommes v. Dessommes*, 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.), is similar to the one before us, in that it provides that each party was to keep the property in their possession, and that was the only adjudication of the property rights. The wife brought an action later to recover an interest in the husband's retirement benefits. The Dallas Court of Civil Appeals held "in the possession" did not include intangible contract rights and that physical control or a power of immediate enjoyment and control must exist. The appellate court held that there had been no adjudication or division of the retirement benefits in the divorce suit. The errors on the part of the trial court require a reversal and remand of the action.

In view of another trial, it is suggested that the court and counsel give careful consideration to the two recent cases from our

Supreme Court: *Constance v. Constance,* supra, and *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976).

*Part II*

■ The wife also complains of the trial court's action in dismissing with prejudice her suit against DuPont her former husband's present employer and the alleged "holder" of the retirement benefits at issue. She argues that, should she be found entitled to a share of the benefits at issue, a judgment could be rendered directly against DuPont for her share of the funds. We are of the opinion, however, that the trial court acted properly in dismissing DuPont, since its presence in the case at bar is unnecessary to afford her complete relief.

Tex.Rev.Civ.Stat.Ann. art. 5221d (1971) gives the wife adequate protection without the necessity of making the employer a party to such litigation as we have before us. Under such statute the employer or trustee would not be discharged in making payments to the husband in this case once it has had written notice of the wife's claim. When this litigation is finally disposed of, a certified copy of the judgment would apprise the employer or trustee as to the specific interest the wife is entitled to in the retirement benefits in question when same becomes payable.

AFFIRMED in part and in part REVERSED and REMANDED with instructions.