Chester Edward COWAN, Appellant,

v.

Mercedes Cowan PLSEK, Appellee.

No. 6155.

Court of Civil Appeals of Texas, Waco.

Dec. 20, 1979.

John Gauntt, Taylor, Taylor, Gauntt & Guess, Temple, for appellant.

Edward S. Johnson, Temple, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Chester Edward Cowan (defendant-appellant) from judgment decreeing Mercedes Cowan Plsek (plaintiff-appellee) a one-half interest in all United States Civil Service Retirement benefits received by Chester Edward Cowan since November 1, 1974 (the date upon which appellant and appellee were divorced), and to be received in the future.

Appellant Chester Edward Cowan and appellee Mercedes Cowan Plsek were married in 1941; and divorced November 1, 1974. Appellant retired from Civil Service in January 1971 after some 27 years employment and commenced to receive civil service retirement benefits at that time, and was receiving civil service retirement benefits at the time of appellant's and appellee's divorce on November 1, 1974. At the time of the divorce appellee testified the parties had agreed and divided all com-

munity property accumulated during the marriage; that the distribution was fair and reasonable; and the trial court in the divorce judgment found that the parties had agreed and divided all community property and that such was fair and reasonable, and that each party take the property presently in his or her possession. In April 1976 appellee filed this case alleging that a described lot valued at $3500; a promissory note with a $3466. balance due; and all retirement benefits from United States Civil Service from November 1, 1974 received by appellant and to be received by appellant; were community property acquired during the parties' marriage and not partitioned or divided by the divorce decree of November 1, 1974; and sought partition thereof.

Trial was to the court which rendered judgment decreeing appellant and appellee tenants in common and awarding each a ½ interest in the described lot, the unpaid balance on the promissory note, and in the United States Civil Service Retirement benefits received by appellant from November 1, 1974 (date of divorce) to date of judgment; and in future benefits to be paid appellant during his lifetime.

Appellant appeals on one point: "The trial court reversibly erred in finding plaintiff to be a tenant in common to the extent of an undivided one half interest in defendant's civil service retirement benefits".

The record is without dispute that the parties were married for the full time that the civil service retirement benefits were earned; that appellant was receiving such benefits monthly at the time of the parties' divorce on November 1, 1974; that no partition or division was made of such retirement benefits at the time of the divorce; that such benefits were not taken into consideration by the parties or by the court at the time of the divorce or in the divorce decree.

■ Matured retirement, annuity and pension benefits earned by either spouse during the marital relationship are part of the community property and subject to division upon dissolution of the marriage.

VTCA Family Code see 5.01. *Cearley v. Cearley,* Tex., 544 S.W.2d 661.

■ United States Civil Service Retirement benefits as community property can be divided by the court in a divorce decree and required paid directly to the party awarded same. 5 U.S.C.A. Section 8345(j)(1).

■ Where vested retirement benefits, as here, are not partitioned or taken into account in dividing community property in a divorce decree the husband and wife become tenants in common or joint owners thereof. *Thibodeaux v. Thibodeaux,* Tex. Civ.App. (Beaumont) NWH, 546 S.W.2d 662; and such may be partitioned thereafter. *Constance v. Constance,* Tex., 544 S.W.2d 659.

■ No partition was made in the divorce suit of the community property civil service retirement benefits nor were same taken into consideration, and the trial court was correct in partitioning same.

Appellant's point is overruled. The judgment is in all things affirmed.