Rheta A. REDUS,

v.

Burleigh REDUS.

No. 3–92–268–CV.

Court of Appeals of Texas,
Austin.

April 21, 1993.

Rehearing Overruled May 26, 1993.

W. Stephen Graves, Graves & Keiler,
San Antonio, for appellant.

Sara E. Saltmarsh, Austin, for appellee.

Before POWERS, KIDD and B.A.
SMITH, JJ.

BEA ANN SMITH, Justice.

Rheta A. Redus appeals a second time from a trial-court judgment denying relief in her suit to partition the retired pay earned by her former husband, Burleigh Redus. We will again reverse the judgment and remand the cause to the trial court.

### BACKGROUND

After the parties married in 1951, Burleigh enlisted in the United States Air Force. For the next fourteen years of their marriage, the Reduses lived in Germany for three years, in California for one year, and in Texas for ten years. They were living in San Antonio when they separated in July 1965. Burleigh changed his permanent address with the military from Texas to California and left Texas in December 1966 for his next military assignment.

In December 1967, Burleigh filed for divorce in California; Rheta, who still resided in San Antonio, was served with process there but neither answered nor appeared in the California court, which rendered a default decree of divorce in January 1969. The divorce decree awarded to each party the personal effects in his or her possession and ordered Burleigh to pay Rheta child support for their eight children; it did not address Burleigh's military-retirement benefits. In 1971, Burleigh retired with the rank of master sergeant and began collecting retired pay.

In 1988, Rheta filed suit in Texas to partition the portion of Burleigh's military-

retirement benefits that had accrued during the marriage. *See Harrell v. Harrell*, 692 S.W.2d 876 (Tex.1985); *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983). Burleigh argued that the Texas court was constitutionally required to give full faith and credit to the California divorce decree apportioning the parties' community property in a final judgment; at the time of divorce in 1969, California did not recognize unvested military-retirement benefits as property divisible upon divorce. *See French v. French*, 17 Cal.2d 775, 112 P.2d 235 (1941). The trial court agreed and denied the request for partition.

In *Redus v. Redus*, 794 S.W.2d 418 (Tex. App.—Austin 1990, writ denied) (*Redus I*), this Court reversed the trial court's judgment, noting that California never acquired personal jurisdiction over Rheta, who was not a California resident and had never consented to suit there. Without *in personam* jurisdiction over Rheta, the California court had only limited *in rem* jurisdiction to determine the marital status of the parties; it could not determine Rheta's interest in Burleigh's retired pay. *See Estin v. Estin*, 334 U.S. 541, 548, 68 S.Ct. 1213, 1218, 92 L.Ed. 1561 (1948) (jurisdiction over an intangible can only arise from control or power over the person who has the right to the property). Consequently, we remanded the cause to the trial court, holding that the California divorce decree was entitled to full faith and credit only as to the parties' marital status and could not bar Rheta's suit for partition of Burleigh's retired pay.

On November 5, 1990, about six months after *Redus I* was announced, Congress enacted Public Law 101–510, which amended the Uniformed Services Former Spouses' Protection Act (USFSPA) to limit the ability of former spouses to sue for partition of military-retirement benefits that were not addressed in a final decree of divorce entered before 1981:

A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

10 U.S.C.A. § 1408(c)(1) (West Supp.1993). This amendment applies to judgments rendered before, as well as after, the date of enactment. USFSPA, Pub.L. No. 101–510, § 555(e), 104 Stat. 1569, 1570 (1990), *amended by* Pub.L. No. 102–190, § 1062(a)(1), 105 Stat. 1475 (1991).

Upon remand, Burleigh argued that this amendment preempted the state court's jurisdiction to partition military-retirement benefits accrued during marriage but not addressed in the final decree of divorce. The trial court agreed and again denied the requested partition. Rheta now brings her second appeal, arguing by a single point of error that the federal statute serves to bar a subsequent partition suit only when the court issuing the divorce decree had jurisdiction to treat that spouse's property interest in the military-retirement benefits. We agree and again reverse and remand this cause to the trial court.

### DISCUSSION

Burleigh urges this Court to apply the federal statute to bar this suit for partition of his military-retirement benefits. He argues that the 1969 divorce decree issued by the California court is a final judgment issued before June 25, 1981, and that, because it did not treat or reserve jurisdiction to treat any amount of Burleigh's military-retirement benefits, it bars Rheta's partition suit. Burleigh asks this Court to follow the decision in *Knowles v. Knowles*, 811 S.W.2d 709 (Tex.App.—Tyler 1991, no writ), in which the court held that section 1408 precludes a state court from partitioning certain military-retirement benefits when a final decree of divorce issued before June 25, 1981, does not award or reserve jurisdiction to award either spouse's

interest in those benefits. He also cites decisions from several other states for the proposition that the federal statute preempts state law permitting partition of military-retirement benefits omitted from the original divorce decree's division of property. *See, e.g., Johnson v. Johnson,* 824 P.2d 1381 (Alaska 1992); *In re Marriage of Booker,* 833 P.2d 734 (Colo.1992) (en banc). However, in none of these cases did the court granting the original decree of divorce lack jurisdiction to treat one party's property interest in the retirement benefits. We believe this distinction critical.

■ The 1990 amendment was enacted to correct an unintended consequence of the USFSPA—the reopening of numerous divorce cases finalized before *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the case that the USFSPA was enacted to overturn:[1]

> The committee is concerned because some state courts have been less than faithful in their adherence to the spirit of the law [USFSPA]. The reopening of divorce cases finalized before the Supreme Court's decision in *McCarty v. McCarty* that did not divide retired pay continues to be a significant problem. Years after final divorce decrees have been issued, some state courts, particularly those in California, have reopened cases (through partition actions or otherwise) to award a share of retired pay. Although Congress has twice stated in report language that this result was not intended, the practice continues unabated. Such action is inconsistent with the notion that *a final decree of divorce represents a final disposition of the marital estate.*

H.R.Rep. No. 665, 101st Cong., 2d Sess. 279, *reprinted in* 1990 U.S.Code Cong. & Admin.News 2931, 3005 (emphasis added).

■ Although the 1990 amendment to the statute is intended to grant repose in pre–1981 divorce decrees that failed to award military-retirement benefits for reasons unrelated to *McCarty,* we cannot understand any rationale for extending its bar to those instances where the divorce court wholly lacked jurisdiction to treat military-retirement benefits. A divorce decree can only represent a final disposition of the marital estate if the court granting the divorce had jurisdiction to divide the parties' interest in their marital estate. As we held in *Redus I,* the California court granting the Redus divorce could determine marital status but "lacked entirely the jurisdiction *in personam* necessary to determine any other of [Rheta's] rights, obligations, and interests. Any attempt to do so would be a nullity." 794 S.W.2d at 420.

Where there has never been a final determination of the marital estate due to the lack of *in personam* jurisdiction over one of the parties, it would go beyond the congressional intent of granting repose to allow the federal statute to bar whatever state remedies might be available in a forum that does have jurisdiction over the parties and their undivided marital estate. We believe that the 1990 amendment to section 1408 was intended to give a state court with jurisdiction over military-retirement benefits one chance and *one chance only* to divide those benefits in a divorce; we do not think it was intended to mean that, in some circumstances, there should be *no chance* for the military-retirement benefits to be divided.

We note that the USFSPA itself deprives a state court of jurisdiction to treat military-retirement benefits unless the court has jurisdiction over the military member by reason of "(A) his residence, other than because of military assignment, in the territorial jurisdiction of the court; (B) his domicile in the territorial jurisdiction of the court; or (C) his consent to the jurisdiction of the court." 10 U.S.C.A. § 1408(c)(4)

---

1. USFSPA was adopted by Congress in 1982 in response to the decision of the United States Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), holding that state courts had no jurisdiction under any circumstances to treat retired pay of a military member as marital property. *Mansell v. Mansell,* 490 U.S. 581, 584, 109 S.Ct. 2023, 2026, 104 L.Ed.2d 675 (1989); *see* Peter Mallory, *Military Retired Pay and Divorce: Congress Retires McCarty v. McCarty—Is That Enough?,* 40 Wash. & Lee L.Rev. 271 (1983).

(West Supp.1993). Section 1408 refers to pre–1981 judgments that do not treat or reserve jurisdiction to treat retired pay; by necessity, a court must have jurisdiction over retired pay before the court can treat or reserve jurisdiction to treat the pay. Therefore, we refuse to apply the statute to bar a state court's post-divorce ability to treat military-retirement benefits when the court granting the divorce was wholly without jurisdiction to determine one party's rights and interests in those benefits at the time of the divorce. Under federal statute, the parties are entitled to only one chance to have a court with jurisdiction treat their interest in military-retirement benefits, but they are entitled to that one chance, whether at the time of divorce or afterward.

Burleigh argues that the divorce decree did not address his retirement benefits because, in 1969, California did not regard military retired pay as "property" before the member had served the requisite twenty years. We believe this point irrelevant given that the California court could not have addressed Rheta's interest in Burleigh's retirement benefits based on the limited jurisdiction it had acquired by out-of-state service upon a Texas domiciliary. And, as we held in *Redus I,* "jurisdiction *in personam* was necessary to bind Rheta to an implied determination that the parties' interest in the military retired pay was not 'property' subject to division on dissolution of the marriage." 794 S.W.2d at 419–20.

### CONCLUSION

Governed by our earlier decision that the California court lacked personal jurisdiction over Rheta Redus and thus lacked the jurisdiction to determine any of her rights or interests in Burleigh Redus' military-retirement benefits at the time of divorce, we hold that section 1408 of the USFSPA does not bar this suit for partition of the retired pay. We, therefore, sustain Rheta's single point of error and reverse the trial court's judgment and remand the cause to that court.