**Ex parte Harold Duaine KRUSE.**

No. 07–95–0341–CV.

Court of Appeals of Texas,
Amarillo.

Nov. 21, 1995.

Ronald E. Walker, Amarillo, for applicant.

Underwood Wilson Berry Stein & Johnson PC, (Christopher K. Wrampelmeier), Amarillo, for real party in interest.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

REYNOLDS, Chief Justice.

By this original habeas corpus proceeding, relator Harold Duaine Kruse seeks his release from restraint imposed by an order of contempt for his failure to comply with a 1988 agreed post-divorce order to pay a portion of his military retirement benefits to his former wife. He contends he is entitled to the relief sought because the agreed order was rendered void and unenforceable by the retroactive application of the 1990 amendment to the Uniform Services Former Spouses' Protection Act (USFSPA).[1] Disagreeing, we will deny the writ.

Nancy Joann Kruse and relator, who had creditable service in the United States Air Force towards retirement, were divorced by a decree dated 18 May 1979. Incident to the divorce, the Kruses executed an agreement to divide their marital property and provide for custody of their minor child. Neither the divorce decree nor the agreement addressed relator's entitlement to military retirement benefits.

Before the 1981 decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), a spouse's interest in a military service retirement plan earned during the marriage was a vested community property right, subject to partition at the time of a divorce or, if not partitioned at that time, at a later time in an action for a partition of the undivided community property interest. *Busby v. Busby*, 457 S.W.2d 551, 552–55 (Tex.1970). In its *McCarty* decision, the United States Supreme Court determined that community property laws conflict-

---

**1.** References herein to USFSPA are to the Uniform Services Former Spouses' Protection Act, 10 U.S.C.S. § 1408 (L.Ed.1986 and Supp.1995).

ed with federal retirement statutes, and prohibited the division of military retirement benefits by state courts. *McCarty v. McCarty*, 453 U.S. at 232, 101 S.Ct. at 2741. However, the *McCarty* pre-exemption was removed when, in 1983, the United States Congress enacted USFSPA, declaring military retirement benefits as property subject to division between spouses upon divorce, and that such were to be distributed in accordance with state laws. 10 U.S.C.S. § 1408(c)(1) (L.Ed.1986).

Thereafter, on 26 July 1988, relator and his former wife, now known as Nancy Kruse Gulish, entered into an agreed order for post-divorce partition and judgment. The agreed order provided that Gulish was to receive 43.2% of the gross present and future military retirement benefits received by relator each month. The order further provided that the Secretary of the Air Force shall pay Gulish directly or, if the Secretary has not done so, that relator send to Gulish her proportionate share upon his receipt of the full benefit amount.

The federal government made direct payments to Gulish of her proportionate share of relator's military retirement benefits until 1 May 1991, when she was notified that she was not authorized to receive such direct payments. After that time and until July of 1994, relator paid Gulish her share of the benefits, but since that time, relator has not paid Gulish any share of his military retirement benefits.

On 27 October 1994, Gulish filed a motion for enforcement and clarification of the 1988 order. On 29 September 1995, the trial court adjudged relator guilty of contempt for violating the terms of the 1988 order, and ordered him confined in the Potter County jail until he purged himself of contempt by paying Gulish $8,368.32 in arrearages.[2]

Relator's habeas corpus proceedings are a collateral attack on the 1988 agreed order. *Ex parte Sutherland*, 526 S.W.2d 536, 538 (Tex.1975). He contends the order is void and unenforceable because the 1990 amendment of USFSPA provided that:

A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

10 U.S.C.S. § 1408(c)(1) (L.Ed.Supp.1995). The amendment was enacted on 5 November 1990, and provided the following to govern the effective date of the amendment:

The amendment made by subsection (a) [amending subsec. (c)(1) of this section] shall apply with respect to judgments issued before, on, or after the date of the enactment of this Act. In the case of a judgment issued before the date of the enactment of this Act, such amendment shall not relieve any obligation, otherwise valid, to make a payment that is due to be made before the end of the two-year period beginning on the date of the enactment of this Act.

P.L. No. 101–510, Div.A, Title V, Part E, § 555(e), 104 Stat. 1570 (1990), amended by, P.L. No. 102–190, Div.A, Title X, Part E, § 1062(a)(1), 105 Stat. 1475 (Dec. 5, 1991). Then, relator further contends, because the amendment rendered the 1988 agreed order void and unenforceable, the order of contempt based thereon is void. We are not persuaded to that view.

The 1983 enactment of section 1408(c)(1) of USFSPA specifically overrode the decision in *McCarty*, and authorized courts to treat retirement benefits as community or separate property in accord with the law of the applicable state. It was not intended to expand the subject matter jurisdiction of the federal courts; rather, it merely empowered a court

---

**2.** Although applicant has been released from the ordered confinement on a recognizance bond, the parties have stipulated that his release has no effect on this habeas corpus proceeding. *See* Tex.R.App.P. 120(b)(6).

which otherwise had jurisdiction to divide marital property. *Steel v. United States*, 813 F.2d 1545, 1548 (9th Cir.1987). In enacting the 1990 amendment, the intent of Congress was to cure an unintended interpretation of USFSPA by the courts to reopen divorce decrees finalized before the decision in *McCarty* that did not divide retired pay. *Trahan v. Trahan*, 894 S.W.2d 113, 116 (Tex. App.—Austin 1995, no writ).

It is clear from the language used that the amendment's operation was intended to be retroactive and mandatory, because it was made applicable to final judgments issued before the 1990 amendment and suspends any further payments due to be made before the end of the two-year period beginning on the date of the enactment of the amendment. *Id.* at 117. Given the retroactivity of the amendment, we must next consider its affect upon the 1988 agreed order.

When the Kruses made their 1988 agreement and sought to embody it in an agreed order, the trial court acquired jurisdiction over the subject matter and the parties. The parties were entitled to make the agreement, and to enter into and approve the 1988 agreed order, even if the court had been unable to order the division of relator's retirement pay without their agreement. *Baxter v. Ruddle*, 794 S.W.2d 761, 763 (Tex. 1990). Indeed, as earlier noted, at the time of the agreed order, military retirement benefits were subject to division upon divorce as a "vested" community property right. *Brannon v. Randmaa*, 736 S.W.2d 175, 177 (Tex. App.—Austin 1987, writ denied), *cert. denied*, 486 U.S. 1019, 108 S.Ct. 1990, 100 L.Ed.2d 222 (1988). No appeal was taken from the agreed order, and it became a final judgment, which was entitled to its usual res judicata effect. The fact that the judgment was premised upon a legal principle subsequently overruled by the 1990 amendment does not affect application of res judicata. *Segrest v. Segrest*, 649 S.W.2d 610, 612 (Tex.), *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983).

Even though the amended USFSPA has retroactive application to preempt state community property law in those situations to which it applies, that is far different from the question whether USFSPA preempts the common law doctrine of res judicata. Al-though the 1988 agreed order became erroneous, and thus voidable, upon the enactment of the USFSPA amendment, it was not a void order because, when it was made, the trial court had jurisdiction of the subject matter and the parties. Then, the parties having agreed to the apportionment, the 1988 order, being unappealed and final, has binding effect on them, and res judicata bars the collateral attack made on it in these proceedings. *Baxter v. Ruddle*, 794 S.W.2d at 762–63. As a result, the subsequent adoption of the amended USFSPA cannot serve as the basis for a collateral attack on the 1988 agreed order. *Trahan v. Trahan*, 894 S.W.2d at 119. *See also Berry v. Berry*, 786 S.W.2d 672, 673 (Tex.1990) (res judicata applies to a final, voidable judgment, and the subsequent adoption of the USFSPA cannot be used to collaterally attack the final divorce decree).

In reaching this decision, we have not ignored relator's reliance upon the holdings in *Buys v. Buys*, 898 S.W.2d 903 (Tex.App.—San Antonio 1994, writ granted), *Knowles v. Knowles*, 811 S.W.2d 709 (Tex.App.—Tyler 1991, no writ), and *Ex parte Buckhanan*, 626 S.W.2d 65 (Tex.App.—San Antonio 1981, no writ), offered at submission as support for the relief requested. None of the holdings affords relator relief, for none of them addressed the factual situation in this cause.

The *Buys* court held that in the ex-wife's 1990 action to determine and enforce her entitlement to a portion of the ex-husband's military retirement pay, which was not treated in their 1970 divorce decree, the trial court, pursuant to section 1408(c)(1) of the USFSPA, was without jurisdiction to award her a portion of the ex-husband's military retirement pay. 898 S.W.2d at 908. Thus, *Buys* neither involved nor addressed the question, raised in the present cause, of the effect of the amended USFSPA on a prior, final decree apportioning a spouse's military retirement pay.

The *Knowles* holding is more akin to the decision we have reached than the one sought by relator. There, the court determined, in the ex-wife's suit for a division of the ex-husband's military retirement benefits, that as a result of the parties' 1972

decree, which did not purport to partition the ex-husband's military benefits, the parties became tenants in common of the military benefits, each holding a separate property interest therein; but, that after remarriage, their 1975 divorce decree awarded the ex-wife's community property interest in the ex-husband's military retirement benefits to him. Therefore, the decree was subject to the doctrine of res judicata, and the amended USFSPA precluded any court from awarding the ex-wife any part of the ex-husband's military retirement benefits. 811 S.W.2d at 711.

A divided court in *Buckhanan* held that by the retroactive application of *McCarty*, a 1977 divorce decree's apportionment of the ex-husband's military retired pay "if and when received" by him was void, was not protected by the doctrine of res judicata, and was subject to a collateral attack by a habeas corpus proceeding, 626 S.W.2d at 68, the decision sought by relator. However, later the same court, sitting en banc, in *Ex parte Hovermale*, 636 S.W.2d 828 (Tex.App.—San Antonio 1982, no writ), expressly disapproved the *Buckhanan* holding, *id.* at 837, en route to holding, by refusing to apply *McCarty* retroactively, that a 1979 divorce decree ordering an ex-husband to pay his former wife a portion of his gross monthly military retirement pay was subject to the doctrine of res judicata, which made it immune from a collateral attack in a habeas corpus proceeding. *Id.* at 836–37. The *Hovermale* holding foreshadowed the decision in *Segrest* that *McCarty* does not operate retroactively, that the rule of res judicata is applicable to a 1974 divorce decree dividing the ex-husband's non-disability military retirement benefits, and that a collateral attack upon it is impermissible. 649 S.W.2d at 613.

Accordingly, it is ordered that relator's recognizance bond is revoked, that he is remanded to the custody of the Sheriff of Potter County to be confined under the order of the trial court, and that relator pay all costs of this proceeding.